MORRIS SCHARFF V. H. M. WHITAKER ET AL.

No. 694. Decided October 27, 1898.

1. Foreclosure—Parties—Adverse Claimants.

The holder of notes secured by lien on land has the right to make his foreclosure suit as broad as his claim and lien and to include therein all parties liable thereon or subject thereto, whether by contract or estopped. (P. 218.)

2. Same.

An adverse claimant of the land whose acts or declarations estop him from disputing its subjection to the lien, though they are not effective to pass his title to either of the adverse parties and he does not claim under either of them, may be made a party to such suit and the lien foreclosed against him. (Pp. 217, 218.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Limestone County.

Scharff sued Whitaker and others and obtained judgment from which Whitaker appealed. The Court of Civil Appeals having reversed the judgment and dismissed the case as to Whitaker, Scharff obtained writ of error.

*Frost, Neblett & Blanding,* for plaintiff in error.—Whitaker is a proper party to the suit, because it is a suit to foreclose a lien on personal property in which it is alleged that Whitaker is asserting a claim which is subject to the claim of appellee, and that he is one of the makers of the notes sued on, and that he is estopped from denying the superior claim of appellee. Linsley v. Parks, 43 S. W. Rep., 277; Andrews v. Key, 77 Texas, 35; Herring v. Mason, 43 S. W. Rep., 801.

The court having jurisdisction of the parties by reason of Oliver's residence in Limestone County, and jurisdiction of the subject matter

by reason of the amount involved, the court had jurisdiction for all purposes regardless of the residence of Whitaker and the locus of the property. Rev. Stats. 1895, art. 1194, sec. 4; Graves v. Bank, 77 Texas, 555; Rush v. Bishop, 60 Texas, 177; Herring v. Mason, 43 S. W. Rep., 801; Hill v. Osborne, 60 Texas, 390.

*H. C. & Cone Johnson,* for defendant in error.—Whitaker is not a proper party to this suit, because the only proper parties to foreclose a mortgage, and of course the rule holds good as to similar liens, are the mortgagor and mortgagee and those who have acquired an interest from them subsequently to the mortgage. As there is no privity between an adverse claimant, who is a stranger to the mortgage or other lien and the estate, he can not be made a party for the purpose of trying his adverse claim in the foreclosure suit. Faubion v. Rogers, 66 Texas, 475, and cases cited therein; 2 Jones on Mort., sec. 1440; 2 Jones on Liens, sec. 1102.

Whitaker not being a proper party to the suit, the court was without jurisdiction as to him in trying his title to the land and property in controversy, because the same was situated in Upshur County, and not in Limestone County, Whitaker himself being a resident of Smith County. Rev. Stats., art. 1198, sec. 14; Stark v. Burr, 56 Texas, 130.

DENMAN, ASSOCIATE JUSTICE.—This suit was brought in the District Court of Limestone County by Morris Scharff, as indorsee of three vendor's lien notes executed by the Big Sandy Lumber Company to Clark, to recover judgment against said company as maker and various other persons as indorsers and guarantors, and to foreclose the vendor's lien reserved in said notes and the deed from Clark to the company upon various pieces of property conveyed as the consideration for their execution.

In addition to the above, Scharff sought, by virtue of an estoppel, to subject to the lien of said notes whatever title H. M. Whitaker held to a portion of said property. The facts stated in his petition as constituting the estoppel are too voluminous to be set out here. They are in effect, that the notes sued on were to be executed by the Big Sandy Lumber Company for the purpose of taking up and satisfying a prior claim held by Allen & Oliver against a former owner of the property and secured by trust deed thereon; that Allen & Oliver refused to accept them as such unless the adverse claim of Whitaker was first settled; that thereupon Whitaker, knowing that they were to take such notes thus secured in lieu of their prior claim, stated to Allen & Oliver that his claim had been settled by the Big Sandy Lumber Company, and they then, relying upon such statement, agreed to accept the notes; that thereupon the notes were executed and indorsed by Clark to Allen & Oliver, who, relying upon the facts above stated, acepted them and released their said claim, and afterwards indorsed them to plaintiff.

To this petition Whitaker filed the following exception: "There is

a misjoinder of parties and a misjoinder of causes of action in this cause, in that the plaintiff seeks, as against the Big Sandy Lumber Company, to foreclose a lien upon certain property of said company, whereas, this defendant is an adverse claimant, and plaintiff seeks to divest him of title to said property, and defendant, being a stranger to said lien, can not be made a party for the purpose of trying his adverse claim in this suit, all of which facts appear from plaintiff's first amended petition filed herein; wherefore, defendant says that he is not a proper party to this suit, and that there is a misjoinder of parties and causes of action, of which he prays the judgment of the court, and that he be dismissed with his costs."

The trial court overruled the exception and finally rendered judgment in favor of Scharff against the defendants liable on the notes and against them and Whitaker foreclosing the lien. Whitaker having appealed, the Court of Civil Appeals held that the trial court erred in overruling said exception, reversed the judgment in so far as it was against Whitaker, and dismissed the cause as to him, but affirmed the judgment of the trial court in all other respects. 46 S. W. Rep., 263. From this judgment Scharff has brought the case to this court, assigning as error the action of the Court of Civil Appeals in reversing and dismissing the cause as to Whitaker.

By virtue of the estoppel, Whitaker subjected his property to the lien of the notes as fully and as effectually as if he had executed an agreement that it should be so, and he thereby became a party to the lien in its inception. Nichols-Stuart v. Crosby, 87 Texas, 443. His title did not pass by the estoppel to the Big Sandy Lumber Company nor to the holder of the notes, but was merely subjected to the lien, leaving in him the right to pay off the notes and retain his property, and, as incidental thereto, the right to compel the application of the other property included in the deed before his could be sold. The holder of the notes had the right to make his suit as broad as his claim and lien, and for that purpose to include therein all the parties and titles liable thereon or subject thereto, whether by contract or estoppel. Lindsley v. Parks, 43 S. W. Rep., 277.

We are therefore of opinion that the Court of Civil Appeals erred in holding that Whitaker was not a proper party. We have examined the various other assignments made by Whitaker in that court and are of opinion that none of them are well taken. It results that its judgment, in so far as it set aside that of the trial court and dismissed the cause as to Whitaker, must be set aside and that of the District Court affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*