HALLIE B. DIGNOWITY ET AL. V. COURT OF CIVIL APPEALS FOR FOURTH JUDICIAL DISTRICT OF TEXAS ET AL.

No. 3372. Decided March 26, 1919; June 9, 1920.

(210 S. W., 505, 223 S. W., 165.)

ON APPLICATION FOR MANDAMUS.

1.—Reversed Case—Application for Writ of Error—Time for Taking Out Mandate.

In a case reversed and remanded by the Court of Civil Appeals and in which application for writ of error is made to the Supreme Court the twelve months from the date of reversal allowed appelles for taking out mandate by article 1559, Rev. Stats., runs from the date of refusal of writ of error by the Supreme Court, not from that of reversal by the Court of Civil Appeals. (Pp. 614, 615).

ON MOTION TO ENFORCE JUDGMENT.

2.—Mandate—Inability to Pay Costs.

An affidavit under article 1557, Rev. Stats., of inability to pay costs, made for the purpose of procuring issuance of mandate from the appellate court, was sworn to by all the parties except the husband of one, who was joined with her merely *pro forma*, and the wife's affidavit showed inability of the husband, her own knowledge of the facts, and the husband's inability to make the affidavit by reason of his being absent in the military service of the United States. Held, that the affidavit, in the absence of objection, was a sufficient compliance with the statute, and the mandate should have issued. (P. 616).

3.—Same—Contesting Affidavit.

An order of the Supreme Court directed that a mandate be issued by the Court of Civil Appeals within a time limited, on the filing of affidavit by the parties of inability to pay costs. Such affidavit having been filed, the mandate should have been issued within the time required, and it

was too late thereafter for parties interested in the costs to contest its truth. (P. 617).

Original Application to the Supreme Court for writ of mandamus, and subsequent motion in the Supreme Court to enforce a former order thereof requiring the Court of Civil Appeals to issue a mandate.

Dignowity and others filed petition for mandamus by the Supreme Court against the Judges of the Court of Civil Appeals for the Fourth District, requiring the issuance of a mandate. The writ was granted in an opinion of the Supreme Court on March 16, 1919. On June 28, 1919, the same relators filed a motion in the Supreme Court for the enforcement of its former order. The opinion thereon was rendered June 9, 1920. Both opinions are here reported.

*W. W. King* and *J. D. Guinn* for relators.

*Moody & Boyles* for respondents.

### ORIGINAL PROCEEDING FOR MANDAMUS.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

On April 25, 1917, the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas reversed a judgment of the District Court of Bexar County, in favor of the relators Hallie B. Dignowity et al., against the respondent Imogene T. Hambleton, for eleven thousand five hundred and thirty dollars, and remanded the cause for a new trial. Motions for rehearing were overruled in the Court of Civil Appeals on June 30, 1917. The respondent, Imogene T. Hambleton, thereupon presented her petition for writ of error to the Supreme Court, and on February 6, 1918 the writ was denied.

On August 20, 1918, the clerk of the Court of Civil Appeals issued a certificate that no mandate had been taken out on the judgment reversing and remanding said cause, and the Honorable Court of Civil Appeals having denied a motion to recall the mandate, this proceeding was begun to compel, by mandamus, the recall of said certificate.

The right of relators depends on the construction of that portion of article 1559, R. S., which provides: "In cases which are, by the supreme court, or courts of civil appeals, reversed and remanded, no mandate shall be taken out of either of said courts and filed in the court wherein said cause originated, unless such mandate shall be so taken out within the period of twelve months after the rendition of final judgment of the supreme court, or court of civil appeals, or the overruling of a motion for rehearing."

In our opinion, the twelve months allowed by the statute for taking out the mandate runs from the date of the judgment of the Supreme Court, in a case reversed and remanded by a court of civil appeals, and in which a writ of error is denied.

The result of construing article 1559 as requiring the mandate to issue, in reversed and remanded cases, within twelve months from the judgment of reversal of from the order overruling a motion for rehearing in the Court of Civil Appeals, might be to authorize the dismissal of a cause in the trial court, for the non-issuance of mandate, while it was still pending on petition for writ of error to the Supreme Court. For, the Supreme Court might not dispose of the petition for writ of error within twelve months from the date of the last action of the Court of Civil Appeals. No such result could have been intended by the Legislature.

The evident purpose of the statute was to allow twelve months from the rendition of a final judgment for the issuance of the mandate We can see no good reason for declaring the judgment of the Court of Civil Appeals to be the final judgment meant by the statute, while subject to review by this court, when it is the settled law that an appeal, with or without supersedeas, operates to continue a pending suit, so as to deprive the judgment appealed from of that finality "necessary to entitle it to admission in evidence in support of the right or defense declared by it." Texas Trunk Ry. Co. v. Jackson Bros., 85 Texas, 608, 22 S. W., 1032; Kreisle v. Campbell, 32 S. W., 851; Waples-Platter Grocer Co. v. T. & P. Ry. Co., 95 Texas, 489, 59 L. R. A, 353, 68 S. W., 265.

Article 7764, R. S. allows the plaintiff, who recovers land, "the term of one year after the date of judgment" to pay the amount adjudged to the defendant who has made improvements in good faith, and article 7765, R. S. allows "six months after the expiration of said year" to the defendant to pay the plaintiff the value of the land without the improvements, when the plaintiff neglects for a year to pay the amount adjudged to the defendant. It is held that neither the term of one year nor the additional term of six months, as allowed by these articles, begins to run so long as an appeal to the Court of Civil Appeals or an application for writ of error to this court is pending, because the judgment is thereby deprived of the necessary character of finality. Fain v. Nelms, 199 S. W., 890. In like manner, when a decree of the trial court expressly allows a party a certain time thereafter within which to perform an act, such time does not begin to run until denial of a writ of error, in cases where application therefor is made to this court. House v. Moore, 204 S. W., 382.

The mandate in this case having been issued within less than a year from the denial of the writ of error it ought to have been recalled, and hence the mandamus applied for has been awarded by this court.

## On motion to enforce previous order.

Mr. Justice GREENWOOD delivered the opinion of the court.

On February 5, 1919, a judgment was rendered by this court awarding a writ of mandamus to Hallie B. Dignowity, Dorothy Currier and Donald E. Currier, against the Honorable Court of Civil Appeals of the Fourth Supreme Judicial District of Texas and the judges thereof, the clerk of the court, Hon. Joseph Murray, Imogene T. Hambleton and the Southwest Texas Baptist Hospital, directing that a certain mandate be issued at any time within twelve months from the 6th day of February, 1918, upon the payment of court costs or upon the making of affidavit in lieu thereof. The grounds for the issuance of the writ are stated in the opinion of the court, reported in 210 S. W., 505.

When this judgment was entered there were already on file two affidavits of inability to pay the costs or to give security therefor. The affidavits were filed after the institution of the original proceeding for mandamus and were not before us when our judgment was rendered. The affidavits were made by Hallie B. Dignowity and Dorothy Currier. Donald E. Currier, who was a party to the suit *pro forma* as the husband of Dorothy Currier, did not make an affidavit, but that of his wife covered his inability to pay the costs or to furnish security, and showed that his failure to join in the affidavit was due to his being at the time engaged in active service with the army of the United States.

It is not denied that the same effect should be given to affidavits already on file as to affidavits which might have been afterwards filed. The sufficiency of the affidavits to entitle the relators to the issuance of the mandate, under the previous order of this court, is challenged for only two reasons. The first is that Donald E. Currier did not join in the affidavits. The second is that under a contest of the affidavits, filed in May, 1919, by the clerk and by and adverse party, the Court of Civil Appeals adjudged that the averments of the affidavits were not true.

In our opinion the affidavits substantially complied with article 1557 of the Revised Statutes, in the absence of objection thereto.

This conclusion is not different from that of the Court of Appeals in Crocket v. Maxey, 4 Tex. App., Civ. Cas., sec. 292. In that case the objection that the husband did not join appears to have been seasonably presented, and besides the affidavit of the wife did not show "that the husband, the necessary party to the suit was unable to pay the costs or give security therefor." Here, as shown above, the wife did swear to the inability of her husband to pay or secure the costs, and she stated a good reason for swearing in his behalf to the facts, which she knew.

It thus appears that within twelve months from the 6th day of February, 1918, proper affidavits were filed of the relators' in-

ability to pay the costs or to give security for same, to which no contests were made by the clerk or by any party, before the expiration of said twelve months, notwithstanding the affidavits had been on file for more than fifty days. We do not think that the judgment of this court could be fully obeyed without the issuance of the mandate under the conditions existing after its rendition, and before the expiration of the twelve months from the date of refusal of the writ of error. The relators having become entitled to the mandate, under that judgment, it was plainly beyond the power of the clerk, the parties to the suit, and the Court of Civil Appeals, to defeat the relators' right by means of a subsequent contest and hearing.

In order that our previous judgment may be executed, it is ordered that a writ of mandamus issue, directing the clerk of the Court of Civil Appeals to immediately issue the mandate applied for by relators, on the affidavits filed, and that the costs herein be taxed against respondent Imogene T. Hambleton.

Opinion delivered June 9, 1920.

*Mandamus awarded.*