CONTINENTAL GIN CO. v. THORNDALE MERCANTILE CO. et al. *
(No. 450–3835.)

(Commission of Appeals of Texas, Section A. Oct. 17, 1923.)

1. Sequestration ⟨⟩20—Not improper to incorporate in judgment on replevy bond provisions of statute for return of property.

While it is not necessary to incorporate, in judgment on bond for replevy of sequestered property, the provisions of the statute permitting return of the property in satisfaction of the judgment, it is not improper to do so.

2. Sequestration ⟨⟩20—When, in case of appeal and subsequent application for writ of error, judgment on bond for replevy of sequestered property becomes final, starting the running of time for return of property, stated; "final judgment."

The judgment against obligors on bond for replevy of sequestered property becomes final, within Rev. St. arts. 7106, 7107, starting the running of the 10 days within which the property may be returned, and credit therefor be had on the judgment—in case of appeal therefrom to the Court of Civil Appeals and affirmance by it, and subsequent application to Supreme Court for writ of error, which was denied, no motion for rehearing being filed—at least after lapse of the 15 days allowed by

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied December 5, 1923.

the rules for filing such a motion; issuance of mandate from the Court of Appeals not being necessary to render the judgment final.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Continental Gin Company against the Redville Gin Company and another. Order denying motion of defendant Thorndale Mercantile Company, and the sureties on its bond for replevin of the property sequestered, that judgment against them on the bond be discharged, was reversed by the Court of Civil Appeals (241 S. W. 260), and plaintiff brings error. Reversed, and judgment of district court affirmed.

Coke & Coke, of Dallas, for plaintiff in error.

O. D. Graham, of Thorndale, and W. A. Morrison, of Cameron, for defendants in error.

GALLAGHER, P. J. The Continental Gin Company, plaintiff in error, sued the Redville Gin Company for debt and foreclosure of mortgage on certain ginning machinery and equipment and on the land on which the same was situated and operated. The Thorndale Mercantile Company, one of the defendants in error, was in possession of the property at the time and was duly made a party defendant. The Continental Gin Company sued out a writ of sequestration and caused the same to be levied by the sheriff of Milam county upon the mortgaged property. The Mercantile Company replevied the property. On the trial of the cause the Continental Gin Company recovered a judgment against the Redville Gin Company for its debt in the sum of $3,347.90 and against all the defendants for a foreclosure of its mortgage lien. It also recovered judgment against the Thorndale Mercantile Company as principal, and Gus Newton and G. A. Williamson as sureties, on its replevy bond in the sum of $3,923.50, the value of the mortgaged property as found by the jury. Said judgment contained the following provision:

"The Thorndale Mercantile Company shall have the right to return said property or any portion thereof under and in accordance with the terms of articles 7107 and 7108 of the Revised Statutes of Texas, upon pursuing the course there prescribed within the time therein mentioned and accordingly receive credit as therein provided."

The Mercantile Company and its sureties appealed. The Court of Civil Appeals reformed the judgment of the trial court, by eliminating the value of the real estate from plaintiff's recovery on the replevy bond and limiting such recovery to the amount recovered by it against the Redville Gin Com-

pany. This judgment also provided for the discharge thereof by returning the property replevied in substantially the same terms as the judgment of the trial court. The Court of Civil Appeals affirmed the judgment as so reformed. 217 S. W. 1059. The Thorndale Mercantile Company and its sureties applied to the Supreme Court for a writ of error, which was refused. The judgment of the trial court was dated January 28, 1918, and the judgment of the Court of Civil Appeals was dated October 22, 1919. The order of the Supreme Court refusing writ of error was dated December 15, 1920. No motion for rehearing of said application was filed.

Plaintiff in error on January 14, 1921, filed in the trial court the mandate from the Court of Civil Appeals. Defendants in error on January 17, 1921, the third day after the filing of the mandate, returned the property replevied to the sheriff of Milam county and took his receipt therefor. They then filed in said court a motion for the discharge of said judgment, on the ground that the return of the property satisfied the same and attached said receipt thereto. Thereafter on March 22, 1921, the Continental Gin Company sued out an execution against the Thorndale Mercantile Company and its said sureties to enforce the judgment recovered against them on said replevy bond. Defendants in error then filed a motion in said court to recall and cancel said execution, on the ground that said judgment had been satisfied in full by return of the replevied property. The court made an order suspending said execution during the pendency of said motions. Said motions were heard together by the trial court. On such hearing the court held that the time for the return of the replevied property had expired prior to said 17th day of January, 1921, and that the delivery of the replevied property to the sheriff on said date was without legal warrant, and ineffective to operate as a discharge of said judgment. The court further held that said gin company was entitled to its execution and overruled both of said motions.

Defendants in error appealed from the judgment of the court overruling their said motions, and the Court of Civil Appeals reversed the same and remanded the cause, on the ground that the 10 days during which defendants in error were permitted by law and by the terms of the judgment of the Court of Civil Appeals to return said property and receive full credit therefor did not begin to run until the mandate was filed in the trial court. 241 S. W. 260. The case is before us on writ of error granted upon the application of the Continental Gin Company.

The Revised Statutes provide that, when the defendant in sequestration replevins the property, the replevy bond shall be returned with the writ, and that, in case the suit is decided against the defendant, final judg-

ment shall be entered against all the obligors on such bond for the value of the property replevied. They further provide that the defendant shall have the right, at any time within 10 days after the rendition of such judgment, to deliver to the sheriff of the county in which the same is rendered the property replevied or any part thereof, and that the sheriff shall receive such property if the same has not been injured or damaged, and receipt the defendant therefor, and that upon filing such receipt with the papers in the cause the defendant shall be credited upon such judgment with the value of the property so returned. R. S. arts. 7106–7107.

[1, 2] The only issue to be determined to enable us to recommend the proper disposition of this case is whether the 10 days' time in which defendants in error were entitled under the law and the terms of the judgment of the Court of Civil Appeals to return the property replevied and receive credit therefor began to run at any time prior to the filing in the trial court of the mandate from said Court of Civil Appeals. If so, then under the undisputed facts such time had expired before the mandate was so filed. While it was not necessary for the provisions of the statute permitting the return of the property in satisfaction of the judgment on a replevy bond to be incorporated in terms in the judgment, it is not improper to do so, and such provisions were so incorporated in this case. Mills v. Hackett, 65 Tex. 580; Ingram v. Brown (Tex. Civ. App.) 173 S. W. 524.

The judgment to be entered on the replevy bond against all the obligors therein for the value of the property replevied is by the express terms of the statute to be a final judgment. Under all the authorities the judgment of a district court, though final in terms, is not final in effect, so long as appellate proceedings are pending seeking a revision of the same. T. T. Ry. Co. v. Jackson, 85 Tex. 605, 608, 22 S. W. 1030; Waples-Platter Grocery Co. v. T. & P. Ry. Co., 95 Tex. 486, 489, 68 S. W. 265, 59 L. R. A. 353. Nor is a judgment of the Court of Civil Appeals final in effect so long as a valid application for writ of error is pending, whether such application be denied or dismissed for want of jurisdiction. Dignowity v. Court of Civil Appeals, 110 Tex. 613, 615, 210 S. W. 505, 223 S. W. 165; Texas Co. v. Clark & Co. (Tex. Com. App.) 244 S. W. 995.

The Supreme Court, in Dignowity v. Court of Civil Appeals, supra, in support of the conclusion reached by it in that case, cited with approval cases holding that, where a certain time after the date of a judgment is allowed by law, or by the terms of such judgment, in which a party thereto may exercise an option to perform an act in connection therewith, such time does not begin to run until all attempts to revise such judg-

ment on appeal or writ of error are ended. We quote the language of the court citing said cases as follows:

"Article 7764, R. S., allows the plaintiff, who recovers land, 'the term of one year after the date of judgment' to pay the amount adjudged to the defendant who has made improvements in good faith; and article 7765, R. S., allows 'six months after the expiration of said year' to the defendant to pay the plaintiff the value of the land without the improvements, when the plaintiff neglects for a year to pay the amount adjudged to the defendant. It is held that neither the term of one year nor the additional term of six months, as allowed by these articles, begins to run so long as an appeal to the Court of Civil Appeals or an application for writ of error to this court is pending, because the judgment is thereby deprived of the necessary character of finality. Fain v. Nelms, 199 S. W. 890. In like manner, when a decree of the trial court expressly allows a party a certain time thereafter within which to perform an act, such time does not begin to run until denial of a writ of error, in cases where application therefor is made to this court. House v. Moore, 204 S. W. 382."

See, also, Fenton v. Bank, 27 Tex. Civ. App. 231, 65 S. W. 199 (writ refused).

The above authorities control the disposition of this case. The application for writ of error in the original case was made by defendants in error. It was refused December 15, 1920. They filed no motion for rehearing. Whether a judgment of the Supreme Court refusing a writ of error, when no motion for rehearing is filed, is to be regarded as final on and after its date, or whether it is to be regarded as final only after the lapse of the 15 days allowed by the rules of the Supreme Court in which to file a motion for rehearing, as indicated in Grocery Co. v. T. & P. Ry. Co., supra, is immaterial in this case, since more than 30 days elapsed between the judgment of the Supreme Court refusing the writ of error and the return of the property. The issuance of a mandate was not necessary to render the judgment final. It was already final at the time the mandate was issued. The mandate could not issue under the law until the judgment had become final. Defendants in error, being petitioners for writ of error in the original case, and their petition having been refused, knew that they had not filed a motion for rehearing, and that the judgment had become final, by reason of the fact that it could no longer be set aside or reversed, more than 10 days before the mandate was taken out of the Court of Civil Appeals or filed in the trial court. Their right to return the replevied property in satisfaction of the judgment against them was already barred when the mandate was filed in the trial court. Their attempt to afterwards exercise such privilege was not warranted, either by law or by the terms of the judgment, and was ineffective to discharge the same.

We recommend that the judgment of the Court of Civil Appeals in this case be reversed, and the judgment of the district court herein be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.