## LANCASTER et al. v. CROCKETT.
### (No. 10906.)

(Court of Civil Appeals of Texas. Fort Worth. March 6, 1926.)

**Appeal and error** ☞1189—**Court of Civil Appeals can grant mandate without payment of costs, though application was made more than year after judgment, but within 12 months after dismissal of application for writ of error by Supreme Court; affidavit of financial inability being uncontroverted (Rev. St. 1911, art. 1559).**

Court of Civil Appeals had jurisdiction to grant application for issuance of mandate without payment of costs, though application was made more than a year after judgment was rendered, in view of Rev. St. 1911, art. 1559, where application was made within 12 months after dismissal of application for writ of error by Supreme Court for want of jurisdiction, and affidavit that applicant was unable to pay any part of costs or to give security therefor was uncontroverted.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

On motion to issue mandate without payment of costs. Mandate issued.

For original opinion, see 271 S. W. 307.

Randell & Randell and Geo. P. Hines, all of Sherman, for the motion.

Shropshire & Bankhead, of Weatherford, opposed.

BUCK, J. Appellee has filed a motion in this court to require the issuance of a mandate without the payment of costs, and accompanying the motion is an affidavit by appellee that he is unable to pay the costs or any part thereof, or to give security therefor. The opinion in this case, on original hearing, was handed down January 7, 1925. Motion for rehearing was overruled February 14, 1925. Petition for writ of error was filed February 28, forwarded to Supreme Court March 5, and dismissed for want of jurisdiction March 24. The papers from the Supreme Court were filed in the office of the clerk of this court April 13, 1925. The motion to issue mandate without payment of costs was filed in this court February 27, 1926.

In Texas Co. v. Chas. Clark & Co., 244 S. W. 995, 112 Tex. 74, the Commission of Appeals, on certified question from the Galveston Court of Civil Appeals, adopted by the Supreme Court, held that, where the Court of Civil Appeals has reversed and remanded a case to the lower court and denied a motion for rehearing, and a petition for writ of error to the Supreme Court has been made, the judgment of the Court of Civil Appeals does not become final, so long as it is subject to the review of the Supreme Court, within the meaning of Revised Statutes, art. 1559, providing that no mandate shall issue to the court of origin in any case unless the same shall be taken out within 12 months after the rendition of a final judgment or denial of a motion for new trial, and such mandate is issuable at any time within twelve months after dismissal of the writ of error for want of jurisdiction by the Supreme Court. The court said:

"Since the question here under consideration was certified to the Supreme Court, that court has held that the evident purpose of said article was to allow 12 months from the rendition of a final judgment for the issuance of the mandate, and that a judgment of a Court of Civil Appeals was not such a judgment as long as it was subject to review by the Supreme Court. That court further held that, when a writ of error was applied for, the 12 months allowed by such statute began to run from the date of the judgment of the Supreme Court denying the writ. Dignowity v. Court of Civil Appeals, 210 S. W. 505, 223 S. W. 165, 110 Tex. 613.

"The defendant does not question the holding in that case, but contends that it is not applicable because plaintiff's application for the writ of error was not refused, but was dismissed for want of jurisdiction. We do not think such distinction tenable. The statute provides that any person desiring to sue out a writ of error before the Supreme Court shall prepare his petition therefor, and file the same with the clerk of the Court of Civil Appeals, within 30 days of the overruling of the motion for rehearing; and that the clerk of that court shall forward the same, together with the original record and certified copies of the orders of that court, to the clerk of the Supreme Court. R. S. arts. 1540–1542.

"When plaintiff in good faith prepared and filed his application for writ of error, he invoked the jurisdiction of the Supreme Court to determine whether it could or would review the judgment of the Court of Civil Appeals. Such application was not a nullity as contended by defendant. So long as it was pending the judgment of the Court of Civil Appeals lacked the finality necessary to start the statute to running. No motion for rehearing having been filed, the judgment of the Supreme Court dismissing the application for lack of jurisdiction was the final judgment of that court in the cause. Frank v. Tatum, 25 S. W. 409, 87 Tex. 204, 208."

There is before us a certificate of the clerk of the Supreme Court, dated April 10, 1925, that the application of plaintiff in error was dismissed by the Supreme Court for want of jurisdiction. Since the application to issue the mandate without the payment of costs is made within

12 months after the dismissal of the application for writ of error by the Supreme Court, for want of jurisdiction, this court has authority to issue the mandate if good cause is shown. There is no controverting affidavit filed by appellant here to the affidavit of appellee here, and we believe the mandate should issue as prayed for; and it is so ordered.