## MITCHELL et ux. v. DILLINGHAM.
### (No. 646.)

Court of Civil Appeals of Texas. Eastland.
Dec. 20, 1929.

Rehearing Denied Jan. 17, 1930.

Grisham Bros., of Eastland, and Scarborough, Ely, Brown & King and R. C. Grisham, all of Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

HICKMAN, C. J. Appellants, W. E. Mitchell and wife, Mary E. Mitchell, instituted this suit against appellee, O. D. Dillingham, for damages suffered by them on account of the death of their minor son, Verner E. Mitchell, who was alleged to have met his death on account of the negligence of the appellee. Their son was an employee of the Texas Produce Company at Ranger. Appellee furnished natural gas for use in the refrigeration plant of the produce company and also furnished the connections used in supplying the gas. Appellants' son met his death by reason of an explosion of this gas, and the basis of appellee's liability was his alleged negligence in permitting a leak to occur. The Texas Produce Company provided Workmen's Compensation insurance for its employees, and appellants received $5,300, less $580 paid for attorneys' fees, as compensation under the Workmen's Compensation Law. The instant suit was instituted against a third person, not the employer of the deceased, and is controlled by the provisions of article 8307, § 6a, R. S. 1925. The issues raised by the pleadings and evidence were submitted by the court to a jury in the form of special issues and, by the jury's answers, the negligence of appellee was found to be the proximate cause of the death of Verner E. Mitchell. The issues of contributory negligence were answered in such manner as to absolve the deceased from any negligent act contributing to his injuries and death. In short, the answers of the jury to the several issues were all consistent with each other, and established a case of liability against appellee for the damages suffered by appellants. The amount of damages found by the jury was $1,800. Since the facts disclosed that $5,300 had been paid as compensation on account of the said loss, the trial court, crediting the amount found by the jury with the amount of compensation theretofore paid, rendered judgment that appellants take nothing by their suit. The compensation insurer did not intervene in the suit.

Four propositions are briefed in this court. The first proposition complains that the judgment does not conform to the verdict, in that the jury found that appellants suffered damages in the amount of $1,800 and the judgment was that they take nothing by their suit. The second proposition presents that

it was error to permit the fact that appellants had collected compensation insurance to go before the jury. The third proposition presents that it was fundamental error for the court to render judgment against appellants because: (1) The compensation insurer was not a party to the suit; (2) its action against the third party was barred by limitation; (3) it was shown that the third party, appellee, had no pecuniary interest in the compensation insurance; and (4) appellee did not plead that he was either liable to the compensation insurer, or that he had paid same. The fourth proposition presents a question of the admissibility of evidence, which will be stated more fully hereinafter.

The first three propositions may be considered together. They involve the interpretation of the Workmen's Compensation Law, part 2, art. 8307, § 6a. As observed in some of the opinions construing this article, it is difficult to determine its exact meaning. Were it before us as an original proposition, we would undertake to analyze it and give it our interpretation; but it has many times been construed, and a further discussion or construction thereof is unnecessary. The following conclusions are deduced from the authorities: (1) The appellants had the right under this article to institute and maintain this suit, although the compensation insurer was not a party thereto. (2) Their right to any recovery, however, is limited to such damages, if any, as they suffered in excess of the amount of compensation insurance collected by them. (3) Since no cause of action existed except for such excess, it was proper for appellee to plead and prove the amount of compensation insurance collected. (4) It was the duty of the court, in rendering judgment, to deduct such amount from the amount of damages found by the jury. (5) Since, in the instant case, the total amount of damages was less than the compensation theretofore collected, appellants were not entitled to any judgment against appellee. Hanson v. Ponder (Tex. Com. App.) 300 S. W. 35; William Cameron & Co. v. Gamble (Tex. Civ. App.) 216 S. W. 459; Lancaster v. Hunter (Tex. Civ. App.) 217 S. W. 765; Panhandle & S. F. Ry. Co. v. Hurst (Tex. Civ. App.) 251 S. W. 538; Stowell v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 259 S. W. 311; Galveston-Houston Ry. Co. v. Reinle (Tex. Civ. App.) 264 S. W. 783; Haynes v. Bernhard (Tex. Civ. App.) 268 S. W. 509.

The fourth proposition complains of the action of the trial court in permitting the appellee to testify, over the objection of appellants, to certain facts with reference to a conversation which he had with one of his former employees, E. J. Hanley, at the time appellee discharged Hanley. The bill of exceptions discloses that appellee, while testifying in his own behalf, gave the following testimony: "Mr. Hanley never complained to me of any gas leaks. He was my foreman. It was part of his business to inform me about everything that was going on around there. If all of these leaks had leaked there like he said they did, I could not have run the banana room; I could not have run it at all. You asked how come Hanley to quit me and also asked if it was anything involving moral turpitude against him, and I answered that I was directed to Mr. Hanley about taking some stuff out and selling it and he said, 'Well, I don't like for a fellow to accuse me of anything unless he knows it.' And I told him they told me so. The next morning he was cussing those three men. They told me about it and he was calling them some awful names, so I walked on down the sidewalk. He was calling them awful names. * * * I walked on the sidewalk and I told him, 'I don't like for any man that works for me to do like you have, calling those men names.' I called him again. I said, 'Come back here a minute.' I went back in the office and gave him a check and fired him."

The bill shows the following objections made to this testimony by appellants: "To all of which testimony the plaintiffs objected as no rebuttal, as not in contradiction of the witness, Hanley, as irrelevant and immaterial and as not being in keeping with any rule for impeaching the witness Hanley."

The trial court qualified the bill as follows: "This bill of exceptions No. 1 is qualified with the statement that the testimony was admitted in reply to and as rebuttal to the deposition of the witness Hanley, offered by the plaintiff."

Clearly a portion of this evidence was admissible. The witness Hanley had testified by deposition for appellants that he had formerly been manager of appellee's business in Ranger; that during the time he was thus employed gas leaked around the joints of all the connections in the room where the explosion occurred; that there was a continous leak in all joints in that room; that the condition was plainly visible; that during the time of his employment the appellee did not ever employ a plumber to inspect the building for gas leaks; and that the leaking gas connections were never improved while he was working for appellee. We need not determine whether all of the testimony complained of in the bill of exceptions was admissible. Clearly much of it was admissible as against any objection which might have been urged thereto, and since the objections went to the whole, it was not error for the court to overrule same. We considered this question in the case of Hemler v. Hucony Gas Co. et al. (Tex. Civ. App.) 18 S.W.(2d) 942, and upon the authority thereof and the cases there cited the fourth proposition is overruled.

Further, appellants were not prejudiced by this testimony. The witness Hanley had testified to facts on the issues of negligence of the appellee, and the testimony complained of in the bill of exceptions was in reply to

that character of testimony by the witness. The jury answered all issues on the question of negligence in favor of appellants, clearly showing that no harm resulted to them by the action of the court in admitting this evidence.

The judgment of the trial court will be affirmed.

FUNDERBURK, J., disqualified and not sitting.