**TEXAS EMPLOYERS' INS. ASS'N v. TEXAS & P. RY. CO. et al.**

**No. 1888.**

Court of Civil Appeals of Texas. Eastland.

April 7, 1939.

Rehearing Denied June 9, 1939.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

Mays & Perkins, of Sweetwater, for appellees.

LESLIE, Chief Justice.

This is a subrogation suit by the Texas Employers' Insurance Association under Article 8307, sec. 6a, R.S.1925, against the Texas & Pacific Railway Company, the alleged negligent third person. The trial court sustained a special exception setting up that the action was barred by the two years statute of limitation. The correctness of that ruling is the only question presented.

The suit results from the affirmance by this court of the judgment in Texas Emp. Ins. Ass'n v. Ritchie, 75 S.W.2d 942, September 28, 1934. This will be referred to as the Ritchie case. A motion for rehearing in that cause was overruled November 2, 1934. An application for writ of error was timely filed and the Supreme Court dismissed it February 6, 1935, for want of jurisdiction. A motion for rehearing on that ruling was filed in the Supreme Court and overruled by that court March 6, 1935.

The instant suit was filed February 27, 1937. This was two years and 21 days after February 6, 1935, when the Supreme Court dismissed the application for writ of error, and it was one year 11 months and 21 days after the Supreme Court, on March 6, 1935, overruled the motion for rehearing. Both litigants proceed upon the theory that limitation began to run when the judgment of this court in the Ritchie case became final and the appellee insists the judgment became final February 6, 1935, and the appellant insists it became final March 6, 1935. Their briefs are devoted to establishing these respective contentions.

 Further, the appellee asserts the trial court correctly sustained the special exception and dismissed the case as barred by limitation, regardless of the filing of the motion for rehearing on the application for writ of error in the Supreme Court. In this contention it is the appellee's view that a litigant is not entitled as a matter of legal right to file a motion for rehearing on either the refusal of a writ of error or the dismissal of the application for want of jurisdiction. This proposition appears to be well established. Hines v. Morse et al., Tex.Sup., 47 S.W. 516;

Texas Co. v. Charles Clark & Co., 112 Tex. 74, 244 S.W. 995. In the first case it is said [47 S.W. 519]: "Nevertheless, we are clearly of the opinion that article 977 [art. 1762, R.S.1925] does not apply to the proceeding, and that an applicant for the writ of error, whose application has been refused, has not the right to file a motion for a rehearing, and thereby suspend the action of the clerk in certifying the order of refusal to the court of civil appeals."

In the Texas Company case, where a distinction was sought to be made between the situation where writ of error was refused and one where the application was dismissed, the Supreme Court, in answer to certified questions, said [112 Tex. 74, 244 S.W. 997]: "The defendant does not question the holding in that case [Dignowity v. Court of Civil Appeals, 110 Tex. 613, 210 S.W. 505, 223 S.W. 165], but contends that it is not applicable because plaintiff's application for the writ of error was not refused, but was dismissed for want of jurisdiction. We do not think such distinction tenable."

In the opinion in Smith v. Patton, Tex. Com.App., 241 S.W. 109, 113, it was held that the pendency in the court of civil appeals of a motion requesting permission to file a second motion for rehearing, which could not be filed as a matter of right, as could the first motion for rehearing, does not affect the finality of the judgment of the court of civil appeals so as to deprive the Supreme Court of jurisdiction to grant a writ of error to review a judgment.

■ Also, it is generally held that the thirty-day period within which to file a petition for writ of error to review the judgment of a court of civil appeals begins with the overruling of the original motion for rehearing in the court of civil appeals, regardless of the pendency of a second motion. Regarding the effect of the pendency of such second motion it was further said in the opinion last cited: "Under above authority, a judgment of the Court of Civil Appeals is final, so far as the jurisdiction of the Supreme Court to grant a writ of error is concerned, at the termination of the *rights given litigants by law*. No motions filed beyond the ones recognized by statute or rules of the court suspend the judgment of the Court of Civil Appeals. Consequently no pendency of a motion merely seeking permission to file a second motion for rehearing would

suspend the judgment of the Court of Civil Appeals and prevent the attaching of the jurisdiction of the Supreme Court." (Italics ours.)

Upon this line of authorities, the appellee asserts that the time prescribed and set forth by statute within which to perform any act cannot be suspended by filing a motion concerning which a party is not entitled as a matter of legal right. Upon this premise, the appellee estimates the two years limitation began running from February 6, 1935, when the Supreme Court dismissed the application for writ of error. This contention, it reasons, is in harmony with the declaration in the Smith-Patton opinion to the effect that a judgment of the court of civil appeals is final "at the termination of the rights given litigants by law."

■ In this view as to when the judgment in the Ritchie case became final we are in accord with the appellee, and we are of the opinion that any consideration by the Supreme Court in response to the motion for rehearing in the matter of dismissing the application for writ of error was purely discretionary upon the part of that court.

However, we are of the further opinion that such date is not necessarily controlling in the disposition of this appeal. At first blush the problem presented by the appeal seemed susceptible of such answer, but on further and more mature consideration we find that it is not so simple of solution. We have carefully searched the authorities in this and other states, giving particular attention to compensation statutes granting the right of recovery against negligent third persons, and the question raised does not appear to have been directly adjudicated in this state.

In the respective briefs of the appellant and appellee, the whole controversy is made to turn upon the date the judgment in the Ritchie case became final. We believe, however, that the compensation statute properly construed is determinative of the controlling question. The pertinent portions of Art. 8307, sec. 6a (R.S.1925), are as follows: "If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his

legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that *paid or assumed* by the association to the employe or his legal beneficiaries, * * * then out of the sum so recovered the association shall reimburse itself * * *." (Italics ours)

Of course, there could be no reimbursement unless something had been *paid* or *assumed,* and we are of the opinion there could be no recovery at all, unless some amount had been paid or assumed. The word "paid" has a well understood meaning and cannot be simplified by explanation. Possibly the same is true of the word "assumed." In its present tense, 7 C.J.S., Assume, page 105, discusses it thus: "It has been said that 'assume' is derived from the same root as the word which designates the form of action based upon a promise, and that its etymological meaning is 'to take on.' In its primary sense, the word has been defined as meaning to adopt, receive or take up or into; to adopt, to become bound as another is bound, or to put one's self in the place of another as to an obligation or liability * * *." In its past tense, the same authority states its meaning thus: "Accepted or took to itself; claimed; * * * In a particular connection, 'assumed' ordinarily signifies promise to pay."

There is not to be found in the plaintiff's petition a single express statement that it has ever paid or assumed any part of the obligations embraced in the original judgment. Just when either act took place, if ever, would, in our opinion, be material and controlling as the initial date from which to calculate the period of limitation. In addition to the very clear and unambiguous language embraced in the above statute on this phase of the case, we cite Texas Emp. Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982; Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052; Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971, 972.

We believe that these authorities, especially the first two considered together, may fairly be construed as holding that the cause of action against the third party accrues when compensation, or judgment, is paid or assumed by the carrier. From the opinion by Judge Hickman in the Brandon case, supra, we quote the following holding

[126 Tex. 636, 89 S.W.2d 984]: "It is argued that the insurer's right of subrogation became fixed when the claim for compensation was filed, and that the employee could not thereafter defeat that right by releasing the negligent third person. There is language in the article above quoted indicating that the right of subrogation arises when the compensation is claimed by the injured employee, *but a consideration of the article as a whole makes it clear that that right does not mature until the insurer has paid or assumed to pay compensation.*"

The opinion in the second case just cited, cites the other two authorities and is, in our judgment, confirmatory of the construction and legal effect given each of them in this opinion, and fairly supports the conclusions we entertain concerning the controlling question presented by this appeal.

The plaintiff's petition in the instant case, at least, set up the facts generally preceding and leading up to the date the purported motion for rehearing was overruled by the Supreme Court and the appellant's insistence on such step (whether a legal right or not) evidenced a protest of its non-liability and therefore a negation of any assumption of the obligation. But, suppose the next day after the motion was overruled the carrier, plaintiff here, by some act, assumed the obligation, would the plaintiff not be entitled under such circumstances to prove such fact under the pleadings in the instant case, as meager and unsatisfactory as they appear to be, in express terms relating to the element of "paid or assumed"? Nevertheless, we are constrained to hold that such intendment may be reasonably indulged in favor of these pleadings in that respect. Being of the opinion that payment or assumption of the original judgment, and not the date of finality of the same, is controlling, it follows that we are of the opinion that the trial court erred in sustaining the special exception and dismissing the cause of action.

In reaching the above conclusions we do so in the light of the opinion in Fidelity Union Casualty Co v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782, writ refused. In that opinion the view was expressed that the compensation was assumed (by operation of law) when the judgment therein became final, but that conclusion was not necessary to the ques-

tion there presented for decision. So far as the question there decided was concerned it was sufficient to say that limitation did not begin to run before the judgment became final, in view of which fact it was immaterial just when it did begin to run. The question before the court in that case is reflected by the following excerpt from the opinion: "To this suit appellee, among other defenses, answered by a special exception to the petition, to the effect that the petition showed on its face that more than two years had elapsed from the *date of the receipt of the injuries* to the institution of this suit, and that by reason thereof the suit is barred by the two year statute of limitation under subdivision 6 of art. 5526, R.S.1925. This special exception was sustained by the trial court and the suit dismissed." An appeal prosecuted from this ruling very properly resulted in a reversal of the judgment below, and the opinion is not in point here.

The appellant in its brief and in the preliminary statement of the nature of the cause of action says that after the motion for rehearing in the Supreme Court was overruled March 6, 1935, "mandate later was issued and the judgment thereafter paid off by appellant." In its second proposition the appellant states: "A judgment appealed by supersedeas bond is not final until the mandate is issued and filed in the trial court." We have carefully read the petition in the instant case and we find no allegation with reference to a supersedeas bond, if such fact would be material in the disposition of this case, and neither do we find any allegation therein that the appellant ever "paid off" said original judgment. However, as above stated, the possible fact of payment or assumption of that obligation is believed to appear by reasonable intendments in favor of the pleading. The facts concerning the same would doubtless have appeared in the development of the testimony and thereby the controlling element in the limitation contention would have been established.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.

## On Motion for Rehearing.

The very strong and respectful motion for rehearing, filed herein by the appellee, has challenged a very careful consideration of the controlling propositions announced in our original opinion. The appellee's motion earnestly requests this court to clarify its opinion on the proposition as to whether or not that part of the cause of action alleged by the appellant (Texas Employers' Insurance Association) for the benefit of Mrs. Ritchie is not barred by limitation.

■ Of course, there is but one cause of action involved and the right of subrogation in such cases is not an absolute one, but is contingent upon the happening of a future event, and, as already held with respect to the insurance carrier, such event is the *payment, or assumption of payment* by it of compensation insurance. In the case of a contested claim, this event would not occur as against the compensation carrier before final judgment in favor of the injured employee is paid or assumed. Certainly the employee or his beneficiary in such a case (Mrs. Ritchie in the instant one) would not have a cause of action against the negligent third party *any sooner* than the maturity of a cause of action in favor of the insurance carrier. Depending upon circumstances, this right in favor of the beneficiary might arise concurrently with such right on the part of the carrier, but in no event sooner. From the standpoint of the beneficiary, Mrs. Ritchie, this is perhaps a sufficient answer to the question raised in so far as the record before us suggests any such question.

■ Our position or conclusion may be expressed in this language: Our original opinion attempts to make no distinction as regards the question of limitation between the cause of action asserted by appellant in its own right, and that asserted for the benefit of Mrs. Ritchie. The same reasons which postpone or delay the time for limitation to begin to run against the insurance carrier apply with equal, if not greater, force to the injured employee or beneficiary. The statute (Art. 8307, sec. 6a, R.S.1925) makes the insurance carrier an agent or trustee for the injured employee or beneficiary to bring and maintain the action against the negligent third party. The insurance carrier cannot maintain the action either for itself, or in its trust capacity for the employee or beneficiary, until the amount of its liability for workmen's compensation "has been paid or assumed." This is so because otherwise there could be no apportionment of the cause of action or amount of recovery

thereon as between the insurance carrier in its own right and that of the injured employee or beneficiary represented by it as trustee. In fact, the very existence of any cause of action in the injured employee, or his beneficiary, may, under easily conceivable circumstances, be wholly contingent upon the amount of compensation paid or assumed by the insurance carrier. Mitchell et ux. v. Dillingham, Tex.Civ. App., 22 S.W.2d 971. Take a situation, for instance, where the undisputed facts of the injury and damages showed an amount recoverable less than the compensation paid or assumed. In such cases, there never existed any cause of action against the third person in favor of the employee or beneficiary. Plainly, we think, limitation could not begin to run against either the insurance carrier on the one hand, or the employee or beneficiary on the other, until the fact of the amount of payment or assumption of the payment of compensation existed.

In the motion for rehearing, it is earnestly insisted, in effect, that a construction of the statute in question which makes the time of payment or the assumption of liability for the payment of compensation the accrual of the cause of action, and, therefore, determinative of the beginning of the running of limitation, introduces such an uncertainty that to avoid such uncertainty, a construction should be adopted that the *date of the finality of the judgment* constitutes the maturity of the cause of action, and hence marks the beginning of the running of limitation.

We are unable to see that the construction contended for would render the time of the accrual of the cause of action more certain than the construction we have announced. The word "assumed" which the statute employs purportedly as the equivalent of "paid" must be given a more comprehensive meaning than the mere fact of the finality of a judgment in order to effect the evident purposes of the law. No effect could be given to the word "assumed" instead of the word "paid" under that interpretation in cases where there was no recourse to the courts. For instance, suppose that immediately upon the occurrence of an accident, the insurance carrier recognized full liability and at once began payment of the maximum amount of compensation allowed by law to continue for 401 weeks. Can it be doubted that the insurance carrier in such case would have

the right immediately to institute suit against the third party? We think not. But, if so, there being no payment or only payment of a small part or amount of the entire compensation, the word "assumed" must necessarily mean something entirely different from the finality of a judgment.

On the question of certainty of the commencement of the period of limitation emphasized by the appellant, and by way of argument in support of the rule announced by this court, let us suppose that a compensation case has reached the status of the final judgment against the insurer in the district court. How in such a case in the absence of any recognition of liability on the part of the insurance carrier does the statute of limitation operate from that date (overruling of motion for new trial) up to the expiration of such time as the petition for writ of error may be sued out? Would limitation be running from such finality of the judgment as would result if no petition for writ of error was ever filed? Manifestly if the finality of the judgment be the test, then the judgment in the supposed case would be final or not according to the uncertain contingency of whether before the expiration of six months a writ of error should be perfected to the court of civil appeals. If within such time the perfection of the writ of error should result, then certainly no limitation would be running.

The rule contended for seems to us to involve far more uncertainty and indefiniteness as to the time the statute begins to run than the test announced in our original opinion; namely, when compensation is "paid" or "assumed." Take the instant case for illustration: Although the insurance carrier had no legal right to file and have considered its motion for rehearing in the Supreme Court, let us suppose, as sometimes happens, that such motion had been granted. In that case we take it there would have been no contention that limitation began to run either at the time the application for writ of error was dismissed, or such motion was in fact overruled. Certain it is that whether with or without legal right, the appellant, while the motion for rehearing was pending, had neither paid nor taken any voluntary action implying an assumption of its liability to pay compensation insurance. As stated in our original opinion, the fact that such motion was being urged was a negation of

any assumption of the obligation by the insurance carrier.

It seems to us that the words "paid or assumed", as used in this subrogation statute, necessarily suggest the rule of limitation announced.

Hence, for the reasons assigned, the motion for rehearing is overruled.