

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:  Attention: Mr. Belcher, Insurance Division

Opinion No. O-1714
Re: The resumption of compensation payments
to Mr. A. Reissig, Bay City, Texas,
under the facts as set out hereinafter.

We are in receipt of communications from you,
and from Mr. Frank G. Dyer, of the firm of Vinson, Elkins,
Weems & Francis, Attorneys, Houston, Texas, pertaining to
the above matter.

It is necessary, for a full understanding of
our opinion, that we briefly review the facts surrounding
the question submitted.

Mr. Reissig, an employee of the Texas Highway
Department, sustained an injury on the 16th day of March,
1938, involving a third party, the Texas Pipe Line Company.
Subsequently he was paid compensation by the Texas Highway
Department and certain sums were expended by the Department
in his behalf for doctor's bills, treatments and like ex-
pense, aggregating the total sum of $1,352.86. Meanwhile,
the employee had employed the law firm of Vinson, Elkins,
Weems & Francis, of Houston, Texas, to represent him in the
matter. With the knowledge and authority of the Texas High-
way Department, suit for damages was instituted in Harris
County, Texas, by the employee - Reissig, against the
Texas Pipe Line Company. Thereafter, the Texas Highway
Department intervened in such suit in assertion of its
subrogation rights against the Texas Pipe Line Company for
the recovery of the aforesaid sum of $1,352.86 theretofore
paid to Reissig as compensation and expended in his behalf
for doctor's bills, treatments and like expense. In the
petition of intervention it was specifically alleged that
such sums had been paid out; that A Reissig was entitled to
compensation in an amount at least equal to such allowance paid

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

but that the final amount of such compensation due the said A. Reissig had not, at that time, been determined and settled, and that the petition in intervention was not to be construed as an admission of the extent of liability of the Texas Highway Department to the said A. Reissig. There was no assumption by the Texas Highway Department, the compensation carrier, of any additional payments to A. Reissig.

Upon the trial of the damage suit against the Texas Pipe Line Company, in which the Texas Highway Department had intervened, judgment was rendered for the employee in the sum of $23,000.00 and for the State of Texas, for the use and benefit of the compensation funds of the Highway Department of the State of Texas, in the sum of $1,352.86. The judgment made no provision for any future compensation payments to A. Reissig by the Texas Highway Department or for the subrogation rights of the department should such be done. Motion for new trial has been filed in this case and it is probable that an appeal will be perfected. In anticipation of such appeal, and the delay incident thereto, the attorneys for A. Reissig have requested that the Texas Highway Department continue the payments of compensation to A. Reissig. It is proposed that the department take an assignment from the employee of the proceeds of the judgment to the extent of such payments.

May we say in the beginning that the question presented is without precedent and presents many difficulties. The controlling statute, Article 8307, Section 6a, Vernon's Annotated Civil Statutes, provides:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation

be claimed under this law by the injured
employee or his legal beneficiaries, then
the association shall be subrogated to the
rights of the injured employee in so far
as may be necessary and may enforce in the
name of the injured employee or of his
legal beneficiaries or in its own name and
for the joint use and benefit of said employee
or beneficiaries and the association the
liability of said other person, and in case
the association recovers a sum greater than
that paid or assumed by the association to
the employee or his legal beneficiaries, to-
gether with a reasonable cost of enforcing
such liability, which shall be determined by
the court trying the case, then out of the
sum so recovered the association shall re-
imburse itself and pay said cost and the
excess so recovered shall be paid to the
injured employee or his beneficiaries. The
association shall not have the right to ad-
just or compromise such liability against
such third person without notice to the
injured employee or his beneficiaries and
the approval of the board, upon a hearing
thereof."

In the first place, it is to be noted that the
statute provides that if the employee "elects to proceed
at law against the person other than the subscriber,
then he shall not be entitled to compensation under this
law." With reference to this provision of the statute,
the opinion by the Commission of Appeals, in the case of
Employers Indemnity Corporation vs. Felter, et al, 277
SW 376, reads:

"But we are unable to find any case
holding that the subrogation article does
not bar compensation where suit for damages
has proceeded to final judgment upon the
merits of the case. . . .

". . . The law makers, realizing that
much larger recoveries could be had by in-
jured people under the common law than under
compensation statutes, very wisely left it
to the injured person to exercise an option
in the premises and seek to recover what
seems to him to be for his vest interests. . .

". . . The act requires an election."

This holding was approved by the Commission of Appeals in the case of Texas Employers Insurance Ass'n. Vs. Brandon, 89 SW 2nd 982, in these words:

"While an election to proceed against the insurer for compensation does not altogether bar an action by the employee for damages against a negligent third person, an election to proceed at law against such person is a bar to the employee's right to compensation." (Citing Employers Indemnity Corp. vs. Felter, supra)

Noticing the quoted statute further, it creates a right of subrogation in the compensation carrier against the negligent third party for reimbursement of sums paid or assumed by the association. It is significant that this right of subrogation is purely a statutory one and arises only in a situation within the purview of the statute. Furthermore, such right does not spring into existence until the insurer has paid or assumed to pay compensation. We quote from the opinion in the case of Texas Employer's Insurance Ass'n. vs. T. & P. Ry. Co., et al, 129 S. W. (2d) 746, as follows:

"Of course, there is but one cause of action involved and the right of subrogation in suhh cases is not an absolute one, but is contingent upon the happening of a future event, and, as already held with respect to the insurance carrier, such event is the payment, or assumption of payment by it of compensation insurance. . . .

"Of course, there could be no reimbursement unless something had been 'paid or assumed' and we are of the opinion there could be no recovery at all, unless some amount had been paid or assumed. . . . But a consideration of the article as a whole makes it clear that that right does not mature until the insurer has paid or assumed to pay compensation."

Turning now to the case before us, it is apparent under the facts that, by operation of law, the employee, A. Reissig, has elected to proceed against the negligent third party for damages. Also, his suit has gone to judgment in the trial court.

Furthermore, in the suit against the negligent third party, the Texas Highway Department has intervened in assertion of its subrogation rights to recover the sums paid as compensation to the employee, and expended in his behalf for doctor's bills, treatments, and like expense. The Highway Department did not assume the payment of any additional sums to the employee; it asserted its subrogation rights only to the extent of the sums so paid, and such rights were litigated and resolved in the judgment.

Also, viewing the quoted statute again, it is seen that the employee, when he has elected to proceed against the third party for damages, can recover of said party only the amount of damages assessed, less the compensation paid to him by the insurance carrier. Upon this proposition, we quote from the case of Hanson vs. Ponder, 300 SW 35, by the Commission of Appeals, as follows:

"In this situation, if Hanson secures a verdict, the court, in rendering judgment, should deduct from the amount of damages found by a jury, the amount of 'compensation paid'."

Accordingly, in the instant case, the amount of damages recoverable by the employee from the third party has been determined and the amount of compensation paid to the employee by the Texas Highway Department has been deducted from the damages receivable by the employee; and the subrogation rights of the Texas Highway Department, to the extent of the sum paid to the employee as compensation, have become fixed in judgment.

Apart from the question of whether or not A. Reissig suffered an injury which is compensable in excess of the sum already paid him as compensation, which we understand is a serious question, in our opinion there are other substantial legal objections to the resumption of compensation payments to A. Reissig by the Texas Highway Department at this time.

If we are correct in our conclusion announced hereinabov; namely, that, under th. facts, by operation of law, the employee has elected to proceed against the negligent third party for damages, it is clear under the quoted statute and the cases cited, such election is a bar to the employee's right to further compensation.

Furthermore, a serious legal question is presented as to whether or not the Texas Highway Department has exhausted its subrogation rights in the damage suit case, and therefore, would be precluded from asserting such rights against the third party for the recovery of additional sums paid to the employee as compensation, subsequent to the rendition of the judgment in the damage suit case. In this connection, we quote from the opinion of the Commission of Appeals in the case of Texas Employers Insurance Association vs. Brandon, supra, as follows:

"In Employers Indemnity Corp. vs. Felter, supra, it was held that the widow of a deceased employee killed in the course of his employment, who prosecuted unsuccessfully a suit to judgment against third parties for damages for the employee's death, was thereafter barred from recovering compensation. That holding was based upon the ground that, as a result of the conduct of the widow, in prosecuting to judgment a claim for damages against the negligent third person, the insurer was deprived of its valuable right to sue the alleged tort feasor. It is definitely and specifically held in that case that, in a suit for subrogation by the insurer against the negligent third person, the latter could successfully plead the former judgment as res adjudicata, and the decision is based upon that reasoning." (Underscoring ours)

To the same effect, we quote from the opinion in the case of Employers Indemnity Corp. vs. Felter, supra, as follows:.

"Furthermore, res adjudicata would unquestionably have been pleaded and also successfully. So it is quite clear that, as a result of the conduct of the Felters, (in suing the third party for damages) plaintiff in error has been deprived of its valuable rights, in

its own way, and through its own agents
and attorneys, to sue the alleged tort
feasors and attempt to recoup the amount
of compensation it was being called upon
to pay." (parenthesis ours)

Again, as pointed out above, the insurance
carrier has a subrogation right only to the extent of
sums of money "paid or assumed" by it. The Highway
Department, the insurance carrier, asserted its sub-
rogation rights in the damage suit case to the extent
of the sums paid by it, and assumed no additional pay-
ments. In the event of an affirmance of a judgment
in the case, the Texas Pipe Line Company, the alleged
tort feasor, could, at least with some merit, urge the
following propositions.

First, that the employee can receive only
the amount of the judgment, less such sums as have been
paid to him by the Texas Highway Department; hence, the
sums paid him subsequent to the rendition of the judgment,
which, of course, could not have been taken into consid-
eration in the judgment, should be deducted from the
sum payable to the employee under the judgment because
of his having received such amount from the Highway De-
partment as compensation. Second, that the Highway De-
partment would not be authorized to receive from the
Texas Pipe Line Company, the tort feasor, an amount out
of the judgment equal to the sum so paid by it (the
Highway Department) to the employee, pending the appeal,
for the simple reason that the right of subrogation of
the Highway Department thereto had not been established,
and further that it could not now be established because
such subrogation rights were theretofore concluded in
the trial court. The anomalous situation might be pre-
sented whereby the third party, the Texas Pipe Line Com-
pany could not be legally compelled to pay the judgment,
to the extent of the additional payments made by the Texas
Highway Department, to the employee, nor could it be
compelled to pay such portion of the judgment to the Texas
Highway Department.

Furthermore, if we are correct in any of the
principles announced above, the agreement of the Texas
Highway Department to resume compensation payments to A.

Reissig, and to take from A. Reissig an assignment of the proceeds of the judgment to the amount of such sums paid to him by the department, would be beyond the authority of the Texas Highway Department. In effect, such a procedure would be tantamount to a loan of such monies to the employee, pending the determination of the damage suit on appeal, and would be clearly beyond the authority and powers of the Texas Highway Department.

As stated in the beginning of our opinion, the situation presented in this matter is novel and without precedent. Looking, however, to the statute controlling the situation and to the several principles announced by our courts, we are of the opinion that your department should not voluntarily resume the payment of compensation to A. Reissig, under the facts and circumstances of this case. You would be unquestionably warranted, from a legal standpoint as well as upon a consideration of policy, to refuse such request, whereupon the employee may, by proper legal procedure, establish such rights as he may have in the premises.

We recognize the equities in this situation, the good faith of the employee and his attorneys, and your desire to cooperate with them. Notwithstanding which, we believe it our duty, in view of the legal difficulties and uncertainties involved, to advise your department to act in the manner indicated above. Thereby, you will be safely within the bounds of your powers and authority.

We remain,

Very truly yours

ATTORNEY GENERAL OF TEXAS


By(Signed) Wm. J. Fanning
Wm. J. Fanning
Assistant

By (Signed) Zollie C. Steakley
Zollie C. Steakley

ZCS:AW
APPROVED DEC. 7, 1939
(SIGNED) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN