## Oliver Hines v. Charles S. Morse et al.

No. 691.   In Vacation.   Opinion Filed October 25, 1898.

**1.   Supreme Court—Mandamus by Justices in Vacation.**

The justices of the Supreme Court have power, under section 2, article 5, of the Constitution, to grant the writ of mandamus in vacation, where necessary to enforce its jurisdiction.   (Pp. 195, 196.)

**2.   Supreme Court—Rehearing—Refusal of Writ of Error.**

Construing Revised Statutes, articles 977, 978, 979, 980, and 981, held that the right given by article 977 to file a motion for rehearing of a matter determined by the Supreme Court does not extend to a ruling refusing an application for a writ of error. (Pp. 196-199.)

**3.   Same—Motion After Adjournment.**

The Supreme Court, by virtue of its control over its own judgments during the term, may, during that time, entertain and grant a motion for rehearing upon an application for writ of error which has been refused. But the judgment refusing it and the action of the clerk in certifying the order of refusal to the Court of Civil Appeals can not be suspended by the applicant filing a motion for rehearing after adjournment, though within fifteen days from the order. (Pp. 198, 199.)

ORIGINAL APPLICATION, in vacation, for a writ of mandamus to the clerk of the Supreme Court.

*Lovejoy & Sampson, M. L. Malevinsky,* and *Hogg & Robertson,* for applicant.—The Supreme Court, or the justices thereof, have the power to issue writs of mandamus against any person, except the Governor, within the State, to enforce the jurisdiction of the said court.   Const., art. 5, sec. 3; Batts' Rev. Stats., art. 946.

Where the clerk of the court refuses to perform his duty in such cases, a mandamus is the proper remedy to compel him to do so. Waller v. Sikes, 120 N. C., 231; Moore v. Muse, 47 Texas, 210; Pace v. Smith, 57 Texas, 555; Williams v. Taylor, 83 Texas, 670.

Plaintiff in error in the case out of which this controversy arose had no right to make a motion for a rehearing on the refusal of this court to grant its application for a writ of error.   Batts' Rev. Stats., arts. 942, 943, 944; Supreme Court Rule No. 4.

A motion for a rehearing will lie only where the court has rendered a judgment or decision on some matter before it.   Batts' Rev. Stats., art. 977.

Admitting that the action of the court in refusing to grant the application for a writ of error was a judgment or decision of the court on which a motion for a rehearing could lie, then, as the motion in this case was made after the adjournment of the court, it can not be entertained,

for the reason that this court has no further power over that judgment or decision for the purpose of revision or modification upon the merits of the application. Chambers v. Hodges, 3 Texas, 528; Burr v. Lewis, 6 Texas, 81; Burke v. Mathews, 37 Texas, 74; Trammell v. Trammell, 25 Texas Supp., 269; Blum v. Wettermark, 58 Texas, 127.

In the absence of a rule or regulation permitting it, a motion for a rehearing of any judgment or decision made by this court is illegal and void when filed at any time after the adjournment of the court, notwithstanding it may have been done within fifteen days after the judgment or decision was rendered. Batts' Rev. Stats., art. 977.

*Fiset & Miller,* for respondent.

GAINES, CHIEF JUSTICE.—This proceeding was a petition addressed to the Chief Justice and Associate Justices of the Supreme Court for a writ of mandamus to compel the clerk of that court to transmit to the clerk of the Court of Civil Appeals for the First Supreme Judicial District a certified copy of the order of the Supreme Court refusing a writ of error in the case of the Missouri, Kansas & Texas Railway Company against Olive Hines. The matter under consideration was heard and determined during the last vacation, but the preparation of the opinion was postponed until the beginning of the present term, so that all the judges of the court might confer and agree upon it, when prepared.

The case of the Missouri, Kansas & Texas Railway Company against Hines, before mentioned, was brought to the Supreme Court upon an application for a writ of error during its last term. The application was refused near the end of the term; and after the adjournment, but within fifteen days from the order refusing the writ, the applicant railroad company filed a motion for a rehearing. Thereupon the defendant in the application demanded of the clerk that he should transmit to the Court of Civil Appeals at Galveston a certified copy of the order of refusal and all file papers sent up from that court. The clerk, acting upon what had been the uniform practice in the Supreme Court, declined to comply with the demand until the motion for a rehearing should be overruled.

The petition for the writ of mandamus alleged these facts, and the Missouri, Kansas & Texas Railway Company, having been made a party defendant, appeared and pleaded to our jurisdiction as judges in vacation to hear and determine the matter, and also excepted to the petition for insufficiency. The case was ably presented on both sides by oral arguments, and resolved itself into these two questions:

First.—Have the judges of the Supreme Court during vacation the power to grant a writ of mandamus in any case? and

Second.—Is the applicant for a writ of error, whose application has been refused by the Supreme Court, entitled of right to file a motion for a rehearing?

1. Section 2 of article 5 of our Constitution, which provides for the

organization of the Supreme Court and defines the powers and jurisdiction which are conferred upon it and which may be conferred by the Legislature, contains this provision: "* * * The Supreme Court and the justices thereof shall have power to issue writs of habeas corpus as may be prescribed by law, and under such regulations as may be prescribed by law the said court and the justices thereof may issue writs of mandamus, procedendo, certiorari, and such other writs as may be necessary to enforce its jurisdiction." * * * Upon the construction of this provision the determination of the first question must depend. Courts, the terms of which are fixed by law, have no power to sit save during term time, unless for special reasons, authority to hold a special session, or to hear and determine some special class or classes of cases during their ordinary vacation, be conferred upon them. This latter authority is not infrequently given to courts or to the judge or judges thereof; and when a constitution or a statute confers the power, no reason is seen why the authority can not be exercised.

If the latter part of the provision under consideration had read, "and under such regulations as may be prescribed by law the said court * * * may issue the writs of mandamus, procedendo, certiorari, and such other writs as may be necessary to enforce its jurisdiction," it is clear that there would have been no power to issue the writ in this case except in term time. The Constitution limits the sessions of the Supreme Court to a specified term of nine months and fixes the place where it must sit and does not specially provide for the exercise of its jurisdiction at any other time or place. It follows that it can act at no other time or place.

But the provision in question confers the same jurisdiction with respect to the writs therein specified, upon the justices of the Supreme Court, which is conferred upon the court itself, and neither directly nor indirectly limits the time or fixes the place at which they are to act. In the exercise of the jurisdiction thereby conferred they may act, as justices of the Supreme Court and not as the court itself, either in term time or vacation. The power, however, is limited to the grant of such process as may be necessary to enforce the jurisdiction of the court. The provision, in our opinion, is a wise one. It may be necessary to issue a writ to enforce the jurisdiction of the court in vacation as well as in term time; and for this reason, doubtless, the power was conferred upon the justices of the court. The present case serves to illustrate the point. Here the clerk being without a decision of the Supreme Court to guide him, and pursuing the usual practice of the court, cautiously declined to transmit to the Court of Civil Appeals a certificate necessary to a prompt enforcement of a judgment of that court; and although the relator felt aggrieved by this course, she would have been without remedy but for the power conferred upon us, as justices of the court, to hear and determine in vacation the case made by her petition.

2. This brings us to the discussion of the second question. The provisions of the Revised Statutes with reference to motion for a rehearing

in the Supreme Court are found in chapter 9 of title 27, and are as follows:

"Art. 977. Any party desiring a rehearing of any matter determined by said court may, within fifteen days after the date of entry of the judgment or decision of the court, file with the clerk of said court his motion in writing for a rehearing thereof, in which motion the grounds relied upon for the rehearing shall be distinctly specified, and the name and residence of the counsel of the opposing party, if known, and if not known, then the name and residence of the opposing party as shown in the record; provided, that should the court adjourn within less time than fifteen days after the rendition of the judgment it may make such rules and regulations in reference to the filing of the motion as to it may seem best for the promotion of the interest of all the parties concerned.

"Art. 978. Upon the filing of such motion with the clerk of said court he shall make a certified copy of such motion and transmit the same by mail to the sheriff or any constable of the county in which the attorney, or opposing party, as the case may be, is alleged in said motion to reside, together with a precept commanding him to deliver the copy of the motion to the person named in such precept.

"Art. 979. Upon the receipt of such precept and copy of motion by the officer it shall be his duty to deliver the copy of the motion to the person named in said precept, if found in his county, and to return said precept to the court, by mail, stating thereon at what time and to whom he delivered the copy of the motion, or that the party named in the precept is not to be found in his county, as the case may be.

"Art. 980. Service of such motion on any one of several parties or their attorneys to a cause, shall be sufficient service on all.

"Art. 981. At any time, after five days from the return of such precept served, it shall be lawful for said Supreme Court to hear and determine such motion for rehearing, and not sooner."

If it had been the purpose of the Legislature to make every ruling of the Supreme Court subject to review by a motion for rehearing, the language could hardly have been more comprehensive; yet, when we look to all the provisions relating to that procedure and to the reason and spirit of the enactment, we are constrained to hold it was not the purpose to give a party whose application for a writ of error has been refused the right to have a reconsideration of the matter by simply filing a motion for that purpose. That some limitation is to be placed upon the terms, "a rehearing of any matter determined by said court," is obvious. A motion for a rehearing itself, when either granted or overruled, is a matter determined by the court; so that, if the meaning of the words are not to be restricted, the procedure might be continued indefinitely. It is absurd to attribute a purpose to the Legislature to give such a right. Again, if the words are to be taken in their broad literal sense, every motion made during the progress of the cause would be subject to a review, and, under the provisions of the last four articles quoted,

to a consequent delay of several weeks. Clearly this was not intended, nor has it ever been the practice in this court.

Besides, the provisions of articles 978, 979, 980, and 981 above quoted show that article 977 was not intended to apply to the action of the court upon an application for a writ of error. The latter proceeding is purely ex parte. The defendant in the application is neither entitled to notice nor to be heard upon the question whether the application shall be granted or refused. If granted, the case is set down for submission and he is notified of the fact and of the day of submission. It is unreasonable to presume that it was the purpose of the Legislature that the defendant in an application should have notice of a motion for a rehearing of the application, when he is not entitled to notice of the filing of the motion itself. The two are obviously inconsistent. And yet the language of article 978 is just as broad as article 977. It makes no exception. Whenever a motion is filed, notice must be given. It is clear, either article 977 was not intended to embrace the determination of an application for a writ of error, or that article 978 was not intended to apply to every motion.

Again, if the statute gives the right to move for a rehearing upon the refusal of a petition for a writ of error, it clearly gives the right when one is granted. That there is no reason for such a motion in the latter case appears by the fact that when an application is granted the defendant in error is given notice and has the right to appear and present his case by brief and oral argument.

When, as is the usual practice in all of our appellate courts a case is disposed of in a written opinion a motion for a rehearing is a serviceable proceeding. Counsel, knowing the grounds upon which the case has been decided, may be able to point to some mistake into which the court has fallen as to the contents of the record or some error of law. But it is rare that anything is written in the Supreme Court upon refusing a writ of error, and then only to state in the briefest terms the grounds upon which the court has acted. We fail to see the propriety of asking a rehearing when the grounds of the court's decision are not disclosed by an opinion, and when the party asking it is in no better position to point out error, after the matter has been determined, than he was before the ruling was made. He can urge nothing in the motion which might not have been and ought not to have been urged in the petition for the writ of error.

In framing the act to reorganize the Supreme Court under the amendments to the judiciary article of the Constitution, the Legislature pursued the method of amending certain articles of the Revised Statutes and of adding others, leaving many of the previous provisions relating to that court unchanged. Among the latter are the articles under consideration. They were originally passed in 1874, when no such procedure as an application for a writ of error as now provided for was known to our law.

Since the organization of the Supreme Court under the recent amend-

ments to the Constitution, many motions for a rehearing of applications have been filed and have been acted on by the court. Some have been granted. This was within the power of the court since it had control of its judgments until the end of the term. It has of its own motion set aside orders refusing applications long after they had been entered and granted the writ of error. Nevertheless, we are clearly of the opinion that article 977 does not apply to the proceeding, and that an applicant for the writ of error whose application has been refused has not the right to file a motion for a rehearing and thereby suspend the action of the clerk in certifying the order of refusal to the Court of Civil Appeals.

For the reasons given, our conclusion was that the writ of mandamus should issue as prayed for, and it was so ordered.

This opinion will be filed and recorded among the opinions of the court.

*Mandamus granted.*