## Swift Coal & Timber Company v. Lewis.

(Decided June 6, 1916.)

### Appeal from Letcher Circuit Court.

Bills and Notes—Maturity.—A note due when a certain suit is "settled in full," held not to become due when the judgment is rendered in the circuit court from which an appeal has been granted, and time to perfect the appeal has not elapsed.

D. D. FIELDS and D. I. DAY for appellant.

DAVID HAYS and J. P. HOBSON & SON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Reversing.

On February 5, 1913, appellant executed and delivered to appellee the following obligation:

"Whitesburg, Ky., February 5, 1913. We bind ourselves to pay Martha Lewis $200.00, two hundred dollars, when the suit now pending in the Letcher court of Martha Lewis v. John E. Golden is settled in favor of Martha Lewis in full. Swift Coal & Timber Co. By S. H. Fields."

On February 18, 1915, appellee brought suit thereon alleging that the suit in the Letcher circuit court of Martha Lewis v. John E. Golden had theretofore been decided by said court in her favor, and by the rendition of said judgment said note had become due.

A demurrer was filed to said petition, but before a ruling was had thereon appellant filed its answer admitting the execution of the note, but denying that it was due and alleging that the note was executed for purchase money for land, and was not to become due until the suit referred to therein involving the title to said land was settled in favor of Martha Lewis in full; that a judgment had been rendered in said action in favor of Martha Lewis in the Letcher circuit court, but that an appeal was granted to the defendant from said judgment and

that the time had not yet elapsed in which said appeal could be taken; that the note will not be due until said time has elapsed.

Appellee filed a demurrer to this answer and moved to submit on the demurrer and the whole case. The case was submitted and a judgment was rendered in favor of appellee for the amount of the note, interest and costs.

Appellant has filed a motion in this court for an appeal from said judgment. The only question involved is whether or not the note was due, which depends upon whether the suit of appellee against John E. Golden in the Letcher circuit court was ''settled in favor of Martha Lewis in full'' by the judgment of that court.

It does not appear from the record when the judgment was rendered in the Golden case, but the answer of appellant states that an appeal had been granted from that judgment, and that the time in which the appeal could be perfected had not elapsed, hence the judgment of the Letcher circuit court did not finally or fully settle that litigation. The note provided that it was to become due when that suit had been ''settled in favor of Martha Lewis in full,'' and as the note was given in payment for land, the title to which was involved in the suit of Lewis v. Golden, it would seem reasonable that the provision in the note that it was not to become due until said suit was settled in full in favor of Martha Lewis could mean only that the note would be due and the money payable when said title litigated in that suit had been settled finally in her favor. This, in our judgment, is the only reasonable construction to put upon the words ''in full,'' and must have been what was intended by the parties when the note was delivered and accepted. It therefore results that the note was not due when the suit was filed and a judgment entered thereon.

Wherefore the appeal is granted and the judgment is reversed for proceedings consistent herewith.