### S. H. INNES v. STATE BANKING BOARD ET AL.

No. 5906.   Decided June 30, 1923.

(254 S. W., 117.)

1.—Supreme Court—Mandamus—Leave to File—Rehearing.

Motion for rehearing in the Supreme Court on order refusing leave to file petition for mandamus is not matter of statutory right, but being in the discretion of the court is here considered. Hines v. Morse, 92 Texas, 194. (P. 302).

2.—Same—Mandamus—State Banking Board—Claim Against Insolvent State Bank.

Claim against an insolvent state bank must be allowed by the Commissioner of Insurance and Banking, or, if rejected by him, established by suit in the District Court in the county of the bank's domicile. In the absence of this the Supreme Court has no jurisdiction to entertain action by mandamus to compel its allowance and its payment by the State Banking Board. Kidder v. Hall, 113 Texas, 49.   (Pp. 302, 303).

3.—Same—Petition—Allegation that Claim Was Allowed.

The petition to the Supreme Court for mandamus to compel payment by the State Banking Board of relator's claim against an insolvent bank must show its allowance by the Commissioner or establishment in court if rejected. His brief in that court can not be considered to supply such allegations. Neither can the allegations of relator in a motion for rehearing of his application for leave to file supply such defects in his petition.   (P. 303).

4.—Same—Pleading.

Allegations in relator's petition for mandamus are considered and held not to show that his claim against the insolvent bank had been allowed by the Commissioner of Banking, but rather that it had been rejected by him. (P. 303).

5.—Same—Insolvent Bank—General Creditors—Payment of Claims.

Dividends on general creditor's claims against an insolvent bank can be paid by the Commissioner while the bank is in the process of active liquidation only on order of the District Court or Judge where the bank was located. Until so ordered the Supreme Court cannot require him by mandamus to make such payment.   (Rev. Stats., Art. 469;   Kidder v. Hall, 113 Texas, 49.   (P. 304).

6.—Same—Manamus—Ministerial Duty.

Mandamus to require action by a public officer will only issue to enforce the performance by him of a clear ministerial duty. Munson v. Terrell, 101 Texas, 220;   De Poyster v. Baker, 80 Texas, 155.   (Pp. 304, 305).

Innes presented a petition against the State Banking Board and the individuals composing it, W. A. Keeling, Attorney General, J. L. Chapman, Commissioner of Insurance and Banking, and C. V. Terrell, State Treasurer, for writ of mandamus to compel recognition and payment of his claim as an unsecured depositor in the insolvent State Bank of Gary. His motion for leave to file the petition was refused *per curiam,* and he filed a motion for rehearing, upon consideration of which the opinion following was pronounced.

*T. H. McGregor, A. L. Love,* and *Cofer & Cofer,* for relator.

Where a bank has a deposit and gives its own check or draft for the amount of such deposit, in the absence of a contrary express agreement, this is but a conditional payment of the deposit, the condition being that such check or draft will be ultimately and finally paid. On the dishonor of such check or draft, the depositor may resort to and demand his unpaid deposit. Middlekauff v. State Banking Board, 242 S. W., 442.

A non-interest bearing unsecured deposit in a Guaranty State Bank is entitled to be paid in full out of the cash in said bank that can be made immediately available from such bank, and the remainder shall be paid out of the Depositor's Guaranty Fund. The State Banking Board has no discretion to refuse such payments in full out of said cash and the Depositor's Guaranty Fund. Rev. Stats., Art. 486.

### ON MOTION FOR REHEARING.

We pray the court to take note as stated in our motion for a rehearing that the original petition and the written argument in support thereof is based on two grounds:

1st. To compel the Banking Commissioner to do and perform the purely ministerial duty of paying relator the 20% dividend on his approved claim as a general creditor.

2nd. To compel the Banking Commissioner to pay the balance of his claim out of the Depositors' Guaranty Fund.

In filing this suit we were on solid ground as to the 1st proposition just stated, because that is the very case where this court has many times compelled the heads of departments to perform ministerial duties.

And we were then apparently on solid ground as to the 2nd proposition because in the case of Middlekauff v. State Banking Board, 242 S. W., 442, just then recently decided, this court had entertained jurisdiction to compel the Banking Commissioner to approve and pay a claim against the Depositors' Guaranty Fund.

Since this court has now receded from the Middlekauff case on the question of jurisdiction, of course as stated, we would not think of taking the court's valuable time or our own in urging a rehearing if our case was based alone on the Guaranty Fund feature.

What we are trying so earnestly to impress upon the court is that in denying our motion for leave to file the court has refused us a mandamus in a clear case where the Banking Commissioner after declaring a dividend of 20% to be paid out of the cash in the bank refuses to pay a claimant whose claim has been approved as a general creditors claim entitled to share in dividends.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

### ON MOTION FOR REHEARING.

The motion for leave to file the petition for mandamus in this case was overruled on May 9, 1923.

We are asked to consider relator's motion for rehearing filed herein, and to permit the petition to be filed. We have concluded to consider the motion because of the importance of the questions involved, although it has not been the practice of this Court, at least in recent years, to permit the filing of motions for rehearing on orders overruling motions for leave to file petitions for mandamus.

Applying the reasons for the rule announced in Hines v. Morse, 92 Texas, 194, 47 S. W., 516, it is apparent that the filing of a motion for rehearing on an order refusing leave to file a petition for mandamus is not a matter of statutory right, but of discretion only on the part of this Court.

In his petition relator asks for a writ of mandamus against the State Banking Board. As the basis for this, the following facts, in so far as necessary for us to consider them, appear in the petition:

On or about the 21st day of February, 1922, the First State Bank of Gary, a guaranty fund bank, failed, and was taken charge of by the Commissioner of Insurance and Banking, for the purpose of liquidation. Relator alleges that at that time he had a noninterest-bearing and unsecured deposit in the bank in the sum of $500. He states the facts upon which he bases this allegation, but since under our view of the law it is not necessary for us to consider this question, we will not state the pleadings in this respect. Relator then alleges:

"That heretofore towit on or about the 1st day of May, A. D. 1922, relator, in response to the notice of the Commissioner of Insurance & Banking of the State of Texas, duly filed his claim within the time and in the manner required by law and asked that his said claim be paid as the law directs out of the cash immediately available in the said bank and out of the Depositors' Guaranty Fund of the State of Texas. That there is no reason why the relator's said claim upon the undisputed facts should not be allowed and paid in full out of such cash and out of the cash belonging to the said First State Bank of Gary, Texas, and out of the Depositors' Guaranty Fund. That respondents have declared a twenty per cent dividend to other depositors of said bank but refuse to pay relator said dividend of twenty per cent. That respondents have paid other depositors in said bank

out of the Bank Guaranty Fund and refuse to pay relator his said claim out of said Depositors' Guaranty Fund. That respondents have no discretion in the premises to refuse to make these payments to relator, and it is their bounden ministerial duty to pay relator said twenty per cent. dividend as paid other creditors and to pay him the remainder of his claim out of the Depositors' Guaranty Fund of the State of Texas. That notwithstanding these ministerial duties rest upon respondents in favor of relator, they, the said respondents, have hitherto and still do fail and refuse to do and perform said ministerial duties. That relator has no other adequate remedy at law and will suffer great and irreparable injury unless respondents are compelled to perform and do their said ministerial duties.''

It is to be observed that relator does not allege in this paragraph of his petition, nor in any other portion of his pleading, that his claim for $500 had been allowed as a claim against the bank. On the contrary, it is apparent from the petition that the Commissioner of Insurance and Banking has not allowed the claim as one against the bank. In such case this Court has no jurisdiction, since the District Court of the county of the bank's domicile is the one in which all actions on rejected claims must be brought. Kidder v. Hall, Commissioner. Opinion by this Court, but not yet officially reported. [113 Texas, 49, 251 S. W., 497.]

Relator tendered with his petition for mandamus a brief and argument on his motion for leave to file. In this the statement is found that the respondent Commissioner of Insurance and Banking had approved his claim as entitled to share in dividends out of the insolvent estate, but that he had refused to pay the claim out of the Depositors' Guaranty Fund.

The allegation that the claim had been allowed as one entitled to share in dividends of the insolvent estate does not appear in the petition for mandamus, and we will not examine the brief to supply this defect. Aside from this, the petition clearly shows that the Commissioner had refused to pay dividends on the claim, and this of itself shows that he had not approved the claim, or that the District Court had refused to allow dividends upon it. In either instance, this Court has no jurisdiction.

If there had been attached to the petition a certified or agreed copy of the claim, showing the Commissioner's action thereon, we would have been in a better position to judge of the merits of the petition. But no such copy is attached to the petition.

The motion for rehearing also states that relator's claim had been approved by the Commissioner as one entitled to share in dividends out of the insolvent estate, or approved as a general creditor's claim. We can not look to nor consider the allegations made in the motion for new trial in aid of the petition. The petition should have stated clearly the facts upon which reliance was made, and it is too late to

do so in a motion for rehearing. Shirley & Holland v. Connor, 98 Texas, 63, 65, 80 S. W., 984, 81 S. W., 284.

The relator insists in his argument on his motion for rehearing that, at all events, we should require the Commissioner to pay him a twenty per cent. dividend as a general creditor. What we have said as to the failure of relator to state in his petition that the claim had been approved by the Commissioner as against the bank, disposes of this question. However, had the petition alleged that the claim had been approved by the Commissioner, without an additional allegation to the effect that a dividend on his claim had been directed by the District Court or the District Judge, as provided for in Revised Statutes, Article 469, the petition would still be fatally defective. Dividends on general creditors' claims can not be paid by the Commissioner, so long as the bank is in the process of active liquidation, without an order for this purpose from the District Court or District Judge of the county in which the bank was located and transacting business. Revised Statutes, Article 469; Kidder v. Hall, Commissioner, supra.

The statute reads:

"At any time after the expiration of the date fixed for the presentation of claims, the commissioner may, out of the funds remaining in his hands after the payment of expenses, declare one or more dividends, and, after the expiration of one year from the first publication of a notice to creditors, he may declare a final dividend, such dividends to be paid to such person and in such manner and upon such notice as may be directed by the district court, if in session, or the judge thereof, if in vacation, of the district in which such state bank was located and transacted business."

It is manifest that the Commissioner can only pay dividends when the District Court, or Judge thereof, administering the estate orders it. Relator does not allege that this court has authorized the payment of the dividend to him on his claim; and until the court, or Judge, has so authorized it, the Commissioner has no authority to pay it.

If in fact relator's claim as a common creditor has been allowed by the Commissioner, and the latter has not presented it to the District Court or Judge, then relator should have presented it to the District Court or the District Judge administering the insolvent estate for an order allowing the payment of a dividend thereon. If such an order is granted, the Commission will no doubt pay the claim, or appeal from the order. If the order is refused, relator has his remedy by appeal.

A re-examination of the petition for mandamus shows clearly that relator has not stated facts which show that either the Banking Board or the Commissioner of Insurance and Banking owed him a plain ministerial duty which they have failed to perform. In such case

mandamus will not issue. Munson v. Terrell, 101 Texas, 220, 105 S. W., 1114; DePoyster v. Baker, 89 Texas, 155, 34 S. W., 106.

We declined to permit the filing of relator's petition on the grounds here stated, and have not considered and do not pass upon any other question.

The motion for rehearing is overruled.