**BRAND, Banking Com'r, v. ARROYO–COLORADO NAVIGATION DIST. OF CAMERON AND WILLACY COUNTIES, TEX.**

**No. 9484.**

Court of Civil Appeals of Texas. San Antonio.

May 2, 1934.

Rehearing Denied May 16, 1934.

Jay H. Brown, Fred S. Rogers, and Ocie Speer, all of Austin, for appellant.

Osce Fristoe, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, Arroyo-Colorado Navigation District of Cameron and Willacy Counties, Tex., brought this suit against E. O. Brand, as Banking Commissioner of Texas and as receiver of Arroyo State Bank of Rio Hondo, Tex., and against the said Arroyo State Bank as principal and C. L. Maddox and eight other individuals as sureties on a depository bond.

Appellee had $19,273.08 on deposit with the bank when it failed and was taken over by the Banking Commissioner. Appellee held certain bonds as security for its deposit, and these bonds were delivered to it by the Banking Commissioner at an agreed value of $1,522.50. Appellee's claim against the bank was thus reduced to $17,771.13.

Appellant answered by a plea in abatement, challenging appellee's right to maintain this cause of action against him as such receiver until it had exhausted its rights against the depository bond and the sureties thereon.

The trial judge ordered the Banking Commissioner to pay appellee dividends on the sum of $17,771.13. The Banking Commissioner, as such receiver, presents this appeal.

■ But one proposition is made, which is as follows: "A secured creditor desiring to participate in dividends to be paid out of an insolvent estate must first exhaust his security, credit the proceeds on his claim, and prove only for the balance."

We agree with this statement as a general proposition of law. It states what is commonly known as the "Bankruptcy Rule" as contradistinguished from what is known as the English Chancery Rule. In Denson v. Shaw, 62 S.W.(2d) 344, the Austin Court of Civil Appeals repudiated the English Chancery Rule and upheld the Bankruptcy Rule. A writ of error was refused in that case by the Supreme Court, so we take it that the Bankruptcy Rule has been definitely adopted in Texas; the only problem remaining is a proper application of this rule.

The ultimate question here presented is whether or not a depositor must exhaust his remedy against sureties on a depository bond before he can prove his claim against an insolvent bank. The Bankruptcy Rule requires a creditor to either surrender his collateral security to the insolvent estate and then prove his claim for the full amount of his debt, or else to exhaust his collateral security, credit his debt with the amount realized, and prove his claim for the amount remaining unpaid. The question is whether or not a depository bond is to be treated as collateral security in applying this rule. We conclude not.

The bank is the principal on the depository bond. The sureties are only liable in the event the bank defaults. Equity would subrogate the sureties to the rights of the depositor if they were forced to pay the claims of the depositor. In many cases it would require years to realize on a depository bond, and by that time it would be too late to prove a claim for any unpaid balance against the insolvent bank. It is, as a practical proposition, impossible for the depositor to release his security, furnished him by the depository bond, to the insolvent bank. If he releases his depository bond, it would not add one cent to the insolvent estate for the benefit of general creditors. The bank is the principal on the depository bond and can have no claim against its sureties. If the depositor realizes from the sureties, then the sureties would be entitled to the dividends that would otherwise be paid to the creditors. Article 6248, R. S., 1925. The depositor's claim against the sureties is reduced by such sums as he may receive in dividends from the insolvent estate. The depositor is entitled to but one satisfaction of his claim, and the insolvent estate and general creditor thereof are unaffected by whether he first collects dividends and then any unpaid balance from the sureties, or whether he first collects from the sureties and the sureties then collect the dividends which would otherwise be paid to the depositor. Equity would require that the dividends be either paid to the depositor or to the sureties, and the estate or the general creditors would not be affected by which party received the dividends.

The judgment of the trial court is correct, and the same is affirmed.