**BRAND, Banking Commissioner, v. SAN PATRICIO COUNTY.**

No. 9699.

Court of Civil Appeals of Texas. San Antonio.

Feb. 27, 1935.

Rehearing Denied March 13, 1935.

Ocie Speer, of Austin, for appellant.

Gordon Boone, of Corpus Christi, and Felix A. Raymer, of Houston, for appellee.

MURRAY, Justice.

Appellee, San Patricio county, instituted this suit against appellant, E. C. Brand, banking commissioner, as statutory receiver of the Sinton State Bank, seeking to recover the sum of $8,590.75, alleged to be the amount of a dividend due to appellee as a depositor in said bank.

This cause was submitted to the trial court upon an agreed statement of facts. There is no question but what San Patricio county is entitled to recover this dividend, unless such right is defeated by the fact that the county had a depository bond guaranteeing the payment of its deposit, upon which bond the county has realized $16,208.95. It is the contention of appellant that the amount realized from the depository bond should be subtracted from the total amount of the deposit, and that appellee should receive a dividend based upon the amount thus remaining. Appellee contends that the amount realized on the depository bond should not in any way affect its right to receive dividends based upon the total amount of its deposit. The trial court rendered judgment in favor of appellee, allowing it the full amount of its dividend, unaffected by the fact that it had collected more than $16,000 on the depository bond. The banking commissioner presents this appeal.

This court has heretofore decided, in the case of Brand, Banking Commissioner, v. Arroyo-Colorado Navigation Dist. of Cameron

and Willacy Counties, Texas, 71 S.W.(2d) 321, that the bankruptcy rule and not the English chancery rule applies in Texas. There is no question, under the bankruptcy rule, but that a depositor will either be required to surrender all security held by him to an insolvent estate and then prove for the full amount of his claim, or else exhaust his security and deduct the amount thus obtained from his claim and prove for the balance remaining.

This brings us to the real question in this case, which is, Is the depository bond of the county to be regarded as collateral security? This question was answered in the negative in the above-cited case. The Supreme Court refused a writ of error in that case, and we see no reason to now change our holding.

The depository bond not being regarded as collateral security, appellee was entitled to receive its pro rata dividend unaffected by the fact that it had collected more than $16,000 upon its depository bond.

Appellant also contends that the judgment of the district court is void on the theory that the district court was without jurisdiction of the subject-matter and without jurisdiction to grant the relief given to appellee, since there was no question of fact involved and a question or questions of law only were presented over which the Supreme Court of Texas has jurisdiction.

In support of this contention appellant cites article 1735, R. S. 1925, which reads as follows: "The Supreme Court only shall have power, authority or jurisdiction to issue the writ of mandamus or injunction or any other mandatory or compulsory writ or process against any of the officers of the executive departments of the government of this State to order or compel the performance of any act or duty which, by the laws of this State, they, or either of them, are authorized to perform, whether such act or duty be judicial, ministerial or discretionary."

However, article 4, § 1, of the Constitution, declares: "The executive department of the state shall consist of a governor, who shall be the chief executive officer of the state, a lieutenant-governor, secretary of state, comptroller of public accounts, treasurer, commissioner of the general land office, and attorney general."

The banking commissioner is not mentioned in the above provision of the Constitution, and it has been in effect held that the provisions of article 1735 apply to the executive officers named in article 4, § 1, of the Constitution. Petterson v. State (Tex. Cr. App.) 58 S. W. 100; Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S. W. 813.

In Kidder v. Hall, 113 Tex. 49, 251 S. W. 497, 498, Chief Justice Cureton, in speaking for the Supreme Court, said: "From a consideration of all the articles named, it is quite apparent that every feature of the distribution of the estate of an insolvent bank is within the jurisdiction of the district court (or judge thereof) of the county in which the bank was located when it transacted business."

See, also, Innes v. State Banking Board, 113 Tex. 300, 254 S. W. 117.

Appellant's contention that the district court of San Patricio county was without jurisdiction will be overruled.

The judgment of the trial court is affirmed.