## BROWN et al. v. LINKENHOGER.

### No. 4100.

Court of Civil Appeals of Texas. El Paso.
June 12, 1941.

Rehearing Denied July 10, 1941.

Sidney P. Chandler, of Corpus Christi, for appellants.

Edward B. Ward, of Corpus Christi, for appellee.

SUTTON, Justice.

This is an appeal from a final judgment of the trial court dismissing this suit.

The parties will here be styled as in the trial court.

The allegations of the pleadings are, and the facts show, that plaintiffs recovered judgment in the trial court against the defendant, from which judgment an appeal was prosecuted to the San Antonio Court of Civil Appeals. The Court of Civil Appeals, on April 12, 1939, reversed and remanded the case. 128 S.W.2d 163. Plaintiffs filed a motion for rehearing, which was overruled May 17, 1939. Plaintiffs timely made their application to the Supreme Court for a writ of error, which was filed on June 24, 1939. The application was dismissed W. O. J., correct judgment, July 12, 1939. A motion for rehearing was filed July 24, 1939, and the same was overruled July 26, 1939. Plaintiffs paid the costs in the Court of Civil Appeals and a mandate issued on July 22, 1940. The defendant filed his motion to dismiss the suit on the sole ground the mandate had not issued within twelve months from the date the judgment became final. The trial court adopted the

theory and dismissed the case. The correctness of that action is the sole question to be determined here.

The plaintiffs take the position the computation of the twelve months commences with July 26, 1939, the date the Supreme Court overruled their motion for a rehearing. The defendant contends the proper date from which the time must be computed is July 12, 1939, the date the Supreme Court dismissed the application, and that because a litigant is not entitled, as a matter of right, to file a motion for rehearing on either the refusal or dismissal of an application for a writ of error. It is true the statute does not confer that right. The Constitution and statutes do, however, confer upon the Supreme Court the authority and power to make and establish rules not inconsistent with the laws of the State for the government of said court and other courts of the State. Art. 5, § 25, Constitution, Vernon's Ann. St.; Arts. 1730 and 1731, Vernon's Civil Statutes, 1925. Such rules when promulgated and established have all the effect and force of statutes. Childress v. Robinson, Tex.Civ.App., 161 S.W. 78, writ refused. The power when exercised is the exercise of legislative power under direct grant by the Constitution. Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W. 2d 214, writ dismissed-correct judgment. Rule 4 for the Supreme Court provides the Clerk shall retain an application for a writ of error, together with the transcript and all accompanying papers, for fifteen days from the date of the judgment refusing the writ, and that at the end of such time, if no motion for rehearing has been filed, or upon the overruling or dismissal of such motion, in case one has been filed, the Clerk shall transmit to the Court of Civil Appeals a certified copy of the orders denying the application and of the order overruling the motion for a rehearing. The same rule provides a motion for rehearing is not available as a matter of right, but if filed within fifteen days after the refusal and before the Court adjourns for the term, the Court will consider the same when based upon certain grounds. For the purpose of the motion there is no distinction between the refusal and dismissal of a writ. Texas Co. v. Chas. Clark & Co., 112 Tex. 74, 244 S.W. 995. The Supreme Court in the instant case entertained the motion for rehearing and acted upon it. So long as the application was pending in the Supreme Court there was no final judgment. The application was pending, the Court having entertained the motion for rehearing, until it was overruled and finally disposed of July 26, 1939. Rittenberry v. Capitol Hotel Co., Tex.Civ. App., 69 S.W.2d 491, writ refused.

We have carefully considered the cases cited by the defendant, Davy Burnt Clay Ballast Co. v. St. L. & S. W. Ry. Co., Tex. Civ.App., 32 S.W.2d 209; Hines v. Morse, 92 Tex. 194, 47 S.W. 516; Smith v. Patton, Tex.Com.App., 241 S.W. 109, 110; and Texas Emp. Ins. Co. v. T. & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746, and regard none of them applicable to the instant case. The last of which is so regarded because what is said on the matter of limitation is dictum.

The judgment of the trial court is reversed and the case is ordered reinstated for a trial on the merits.