**KISSELL v. CREEL.**
**Civil Action No. 35824.**

United States District Court
District of Columbia.

Feb. 24, 1949.

Jerome F. Barnard, of Washington, D. C., for plaintiff.

Edwin J. Creel, of Washington, D. C., pro se.

BEN MOORE, Assigned District Judge.

The action is brought on two promissory notes signed by defendant and payable to plaintiff's decedent. One is dated December 17, 1938, in the amount of $5,558.18, and is payable "within one year after settlement of the present Creel Bros. dissolution suit." The other is dated February 1, 1939, in the amount of $350, and is payable "within one year of the settlement of the present Creel Bros. suit." Both notes bear interest to be compounded semi-annually at the rate of six percent until paid.

The only issue in the case is whether or not a right of action had accrued on the notes at the time the action was started on July 16, 1946.

The pleadings and proof disclose that at the time the notes were executed there was pending in the then Supreme Court of the District of Columbia (now the United States District Court for the District of Columbia), a suit entitled Robert T. Creel, Plaintiff, v. Edwin J. Creel, Defendant, which is the "Creel Bros. dissolution suit," and the "Creel Bros. suit" mentioned in the respective notes. The bill of complaint in that suit contains six separate prayers for relief. They are: (1) For the appointment of receiver; (2) for an accounting between the partners; (3) for dissolution of the partnership; (4) for sale of the partnership property; (5) for application of the proceeds of the sale first to the payment of the partnership debts; and (6) for division of the remainder between Robert T. Creel and Edwin J. Creel accordingly as a proper accounting might determine their respective interests. This suit is still pending in the District Court.

From time to time action has been taken as to certain of the separate prayers for relief. A receiver was appointed in 1933 and has not yet been discharged. In 1936 a decree was entered dissolving the partnership. An accounting was had from 1936 to 1939, and the order of the District Court approving the result was appealed from by the defendant, and affirmed by the United States Court of Appeals. Creel v. Creel, 80 U.S.App.D.C. 412, 149 F.2d 830. On October 9, 1944, the receiver having theretofore, under court order, made sale of all the partnership assets to Robert T. Creel, a decree was entered finally ratifying and confirming such sale, and directing the receiver to execute a conveyance of the property upon compliance by Robert T. Creel with the terms of the sale. The receiver executed a conveyance to Robert T. Creel pursuant to this order on March 20, 1946, the delay being accounted for by the fact, as hereinafter set out, that during the interim the order of October 9, 1944, had been the subject of appellate proceedings, application for certiorari to the United States Supreme Court having been denied on January 2, 1946. This sale was reported to the Court on April 29, 1946, and the report was referred by the Court to the auditor on May 29, 1946, with directions to make recommendations as to a request by the receiver for an allowance of an additional $17,000 as compensation to himself, and also recommendations as to the disposition of the remaining partnership funds still in the receiver's hands. The auditor's report was filed on October 14, 1948, but, so far as the record shows in the case before me, no final order has been entered by the District Court thereon, or any final order with reference to the payment of the partnership debts, or to the division of the remainder of the proceeds of the sale of the partnership assets between Robert T. Creel and Edwin J. Creel. Edwin J. Creel has filed exceptions to the auditor's report.

On the trial of the instant case, plaintiff introduced the notes and proved their ownership, and that nothing had been paid on principal or interest. He then introduced court records showing that the order of October 9, 1944, finally ratifying and confirming the sale of the partnership assets to Robert T. Creel and directing the receiver to execute a conveyance to him upon com-

pliance with the terms of the sale, together with two prior orders in the case, had been appealed by Edwin J. Creel to the United States Court of Appeals for the District of Columbia, and that said order of October 9, 1944, had been affirmed by the Court of Appeals on May 21, 1945, and its mandate to the District Court handed down on February 27, 1946, the appeals from the other two orders being dismissed on the ground that they were not appealable orders. This was substantially all the evidence introduced by the plaintiff. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict on the ground that the pleadings and proof fail to show that the Creel Brothers dissolution suit has been settled. The Court overruled this motion. Defendant then introduced evidence of the additional facts set out herein, and further documentary evidence supplementary thereto was introduced by plaintiff. At the close of all the evidence, defendant again moved for a directed verdict, as did plaintiff also.

In disposing of the motions for a directed verdict, it is necessary for the Court to determine when, as a matter of law, a pending suit may be said to have been settled.

■ A suit may be settled either by agreement or by final determination by a court of last resort of all the substantial issues involved in the suit, or by final determination by a lower court, as to which the time for appeal has expired, or the appeal, if taken, has not been perfected. Since there was no agreed settlement of the Creel Brothers suit, we must consider whether all the substantial issues therein have been determined by the trial court, or by the appellate court, if appeal is still allowable. Obviously the defendant in that suit can no longer be heard to object to the order of October 9, 1944, since that order has been finally passed upon by the Court of Appeals and certiorari denied. However, it is equally plain that one of the principal purposes of the Creel Brothers suit—in fact,

the ultimate purpose thereof—was to secure a proper division of the proceeds of the sale of the partnership assets, and this purpose has not yet been consummated. Edwin J. Creel, defendant in that suit and in the suit before me, is entitled to have his exceptions to the auditor's report considered and passed upon by the District Court, with the right of appeal to the United States Court of Appeals. Since this right is inseparably connected with the main purpose of the Creel Brothers suit, that is, to secure a proper division of the proceeds of the sale of the partnership assets, I am forced to conclude that the suit has not yet been settled, and that therefore the notes sued on in the case before me have not yet matured. Consequently, the pleadings and proof do not disclose a cause of action.

■ Moreover, if plaintiff's theory of Section 3475, Title 26, United States Code, settlement of the Creel Brothers case were correct, namely, that the order confirming sale of the partnership assets to Robert T. Creel was a final adjudication of the substantial issue in that case, he still could not maintain this action. As I have said, the order of confirmation was appealed to the United States Court of Appeals, and on its affirmance by that Court certiorari was applied for in the United States Supreme Court. 326 U.S. 782, 66 S.Ct. 337, 90 L.Ed. 474. The application was not denied until January 2, 1946. This action was begun before the expiration of a year from that date. So long as the order was pending for final action by a court of last resort, it cannot be used as the basis for saying that the suit was settled on the date the order was entered by the District Court. See Swift Coal & Timber Co. v. Lewis, 170 Ky. 588, 186 S.W. 479.

Defendant's motion for a directed verdict will be sustained, and that of plaintiff overruled.