

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL

ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 16, 1952

Hon. Bascom Giles
Commissioner
General Land Office
Austin, Texas

Dear Sir:

Opinion No. V-1477

Re: "Period of litigation"
of Sun Oil Company, et
al v. Humble Oil & Re-
fining Co., et al, under
Article 5421l, V.C.S.

     You have requested our opinion on the follow-
ing question concerning certain State leases on lands
in Laguna Madre which were recently involved in liti-
gation in Sun Oil Co., et al v. Humble Oil & Refining
Co., et al.:

     "What is the 'period of litigation'
in said case within the meaning of Article
5421l, V.C.S., as amended by Section 1,
Chapter 406, Acts of the 52nd Legislature,
1951? In other words, on what date did
the litigation begin and on what date did
the litigation end within the meaning of
said statute?"

     The above leases were issued to Sun Oil Com-
pany on February 3, 1948. On February 24, 1949, Sun
filed a complaint in the federal district court in
Houston against Mrs. Elena S. Kenedy, Mrs. Sarita K.
East, and Humble, their mineral lessee, who were as-
serting a claim to the area covered by these leases.
The State of Texas was allowed to intervene in the
case on January 10, 1950. On May 19, 1950, the
trial court entered judgment for Sun and the State.
On June 20, 1951, the Court of Appeals reversed the
action of the trial court in allowing the interven-
tion of the State, and the judgment was modified so
as not to be binding upon the State; otherwise, the

Judgment was affirmed. (190 F.2d 191, reh.den. 191 F. 2d 705.)

On January 28, 1952, the Supreme Court of the United States denied the petition of the Kenedys and Humble for a writ of certiorari (342 U.S. 920), and no petition for rehearing was filed. The Court of Appeals forwarded the mandate to the federal district court in Corpus Christi, to which the case had previously been transferred, on February 1, 1952, and on February 4, 1952, the mandate was received and filed in that court.

Article 5421i, V.C.S., as amended in 1951, provides:

"The running of the primary term of any oil, gas, or mineral lease heretofore or hereafter issued by the Commissioner of the General Land Office, which lease has been, is, or which may hereafter become involved in litigation relating to the validity of such lease or to the authority of the Commissioner of the General Land Office to lease the land covered thereby, shall be suspended, and all obligations imposed by such leases shall be set at rest during the period of such litigation. After the rendition of final judgment in any such litigation, the running of the primary term of such leases shall commence again and continue for the remainder of the period specified in such leases, and all obligations and duties imposed thereby shall again be operative provided such litigation has been instituted at least six (6) months prior to the expiration of the primary term of any such leases. Provided, further, that the lessee shall pay all annual delay rentals and any royalties which accrue during the period of litigation the same as during any other period of the extended primary term. Such rentals paid during the litigation period shall be held in suspense and returned to the lessee in the event the State is unsuccessful in any such litigation."

We think it is clear that the "period of litigation" under Article 5421l began to run on February 24, 1949, the date the complaint was filed with the court in the above case. Rule 3 of the Federal Rules of Civil Procedure provides that "A civil action is commenced by filing a complaint with the court." In accord with this is Rule 22 of the Texas Rules of Civil Procedure, which provides that "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." A recent statement of this rule is found in Southwestern Life Co. v. Sanguinet, 231 S.W.2d 727, 730-731 (Tex.Civ.App.1950), where the court said:

"It has been repeatedly held by our courts that the filing of a petition in a court of competent jurisdiction with the bona fide intention of the party filing to prosecute same to a conclusion is the commencement of a civil suit, such as the one before us. /Citations./"

Other Texas cases recognizing this rule are: Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951 (1935); Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089 (1889); Wichita Common School Dist. v. Dickens Independent School Dist., 206 S.W.2d 885 (Tex.Civ.App.1947, error ref.); Eppenauer v. Schrup, 121 S.W.2d 473 (Tex. Civ.App.1938).

It is our opinion that the litigation in question did not end until February 12, 1952, which was the last day for filing a petition for rehearing in the above case under Rule 33-2 of the Rules of the Supreme Court of the United States. Under this rule, petitioners had a right to file a petition for rehearing within fifteen days after the denial of the petition for certiorari, and the denial of certiorari was "qualified" until that time expired. R. Simpson & Co. v. Commissioner of Internal Revenue, 321 U. S. 225 (1944).

As stated in United States v. Claus, 5 F.R.D. 278, 280 (E.D.N.Y.1946):

". . . An appeal is a proceeding in the original cause and a suit is 'pending'

until the appeal is disposed of. Macken-
zie v. Engelhard, 266 U.S.131, 45 S.Ct.
68, 69 L.Ed.205, 36 A.L.R.416; Ex parte
Craig, 2 Cir.,1921, 274 F. 177; In re
Carlisle Packing Co., D.C.Wash., 1935,
12 F. Supp. 11. That is 'pending' which
has not been decided or finally deter-
mined. 31 Words & Phrases, Perm.Ed. 641,
et seq. A matter which is still open to
modification on appeal must be deemed to
be 'pending'. National Popsicle Corp. v.
Hughes, D.C.Cal., 1940, 32 F.Supp.397. . . ."

See also Kissell v. Creel, 83 F.Supp. 799, 801 (D.C.D.C.
1949).

This is in line with Rule 506 of the Texas Rules
of Civil Procedure and the Texas cases. Rule 506 pro-
vides that "The judgment of the Supreme Court shall be
final at the expiration of fifteen days from the rendi-
tion thereof, when no motion for rehearing has been
filed.

An early statement of the rule in Texas is
found in Texas Trunk Ry. v. Jackson, 85 Tex. 605, 608,
22 S.W. 1030, 1032 (1893), where the court, in an opin-
ion by Chief Justice Stayton, said:

". . . We are of opinion that appeal
or writ of error, whether prosecuted under
cost or supersedeas bond, during pendency,
deprives a judgment of that finality of
character necessary to entitle it to ad-
mission in evidence in support of the right
or defense declared by it, and from this
necessarily follows the insufficiency of a
plea in bar, based on it. . . ."

In Waples-Platter Grocer Co. v. Texas & P.Ry.,
95 Tex. 486, 489, 68 S.W. 265, 266 (1902), the court
spoke of a "final judgment" as being "a judgment not
merely final in the sense that an appeal lies therefrom,
but a judgment final in the sense that it has reached
that stage in judicial procedure when it can neither
be set aside nor reversed upon appeal."

Other Texas cases recognizing that there is

no final judgment "so long as there is an appeal pending" are: United North & South Oil Co. v. Meredith, 258 S.W. 550 (Tex.Civ.App.1923), aff. 272 S.W. 124 (Tex.Comm.App. 1925); Dignowity v. Fly, 110 Tex. 613, 210 S.W. 505 (1919); Williams v. White, 223 S.W. 2d 278 (Tex.Civ.App.1949, error ref.); Brown v. Linkenhoger, 153 S.W.2d 342 (Tex.Civ.App.1941, error ref. w.o.m.); Rittenberry v. Capitol Hotel Co., 69 S.W.2d 491 (Tex.Civ.App.1934, error ref.); Thompson v. East Texas Refining Co., 97 S.W.2d 528 (Tex.Civ.App.1936).

Until the expiration of the time for filing the petition for rehearing in the case in question, the judgment below was subject to being modified or reversed by the Supreme Court of the United States. So long as this was possible, the litigation was still pending within the meaning of Article 5421i.

## SUMMARY

The "period of litigation" referred to in Article 5421i, V.C.S., began in Sun Oil Co., et al v. Humble Oil & Refining Co., et al, with the filing of the complaint in the federal district court and ended upon the expiration of the time for filing a petition for rehearing in the Supreme Court of the United States, no petition for rehearing having been filed.

Yours very truly,

APPROVED:

C. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JPL:bt

PRICE DANIEL
Attorney General

By Jesse P. Luton, Jr.
Jesse P. Luton, Jr.
Assistant