**W. T. PRICKETT et al., Appellants,**

v.

**LENDELL BUILDERS, INC., Appellee.**

**No. 5147.**

Court of Civil Appeals of Texas, Eastland.

Sept. 7, 1978.

Malcolm Robinson and William W. Ogden, Jr., Hooper, Robinson & Moeller, Austin, for appellants.

Thomas A. Autry, Gotcher & Autry, Charles D. Penick, Kuhn, Collins & Rash, Austin, for appellee.

RALEIGH BROWN, Justice.

This is a suit by a subcontractor against the general contractor and his surety on a payment bond alleging nonpayment of charges incurred for labor performed and materials supplied by the subcontractor. Trial was before the court. Judgment was rendered in favor of Lendell Builders, Inc., the subcontractor and against W. T. Prickett, the general contractor, Great American Insurance Company, the surety, Villa Constructors, Inc., the prior subcontractor, and Kalm Builders, Inc., the property owner. Only Prickett and Great American appeal.

Facts found by the trial court were largely undisputed. Lendell Builders, Inc., was a subcontractor on a project involving the construction of condominiums. W. T. Prickett was the general contractor. Villa Constructors, Inc., was a subcontractor to Prickett. All of Villa's shares of stock were owned by Prickett, subject to a voting trust by a third party. Prickett was President of Villa Constructors, Inc. Lendell Builders, Inc., was a subcontractor to Villa Constructors, Inc. Great American Insurance Company issued a statutory payment bond to the owner, Kalm Builders, Inc., for and on behalf of W. T. Prickett as principal.

There is no dispute that Lendell Builders, Inc., was not paid for work it performed from June 25, 1974, to July 25, 1974. It delivered a written statement of this claim to Prickett on July 25, 1974. It also sent written notice of the unpaid indebtedness to the owner, Kalm Builders, Inc., which was received 56 days after the work was done and a second notice to Villa Constructors, Inc., which was received by Prickett on September 19, 1974, 56 days after the work was performed.

The court found:

"Lendell Builders, Inc. did not address notices of unpaid indebtedness to Great American Insurance Company or to W. T. Prickett, but notices addressed to Villa Constructors, Inc. were received by W. T. Prickett."

Appellants argue the judgment of the trial court should be reversed and judgment rendered for them because (1) Lendell Builders, Inc., failed to comply with the statutory notice requirements for perfecting its claim and (2) Lendell's written contract with Villa precludes recovery due to the lapse of a condition precedent with the owner's insolvency.

■ As to the latter argument, appellants contend the language of the contract created a contractual condition precedent to Lendell's right to receive payment, namely, that Lendell would not be paid until and unless Villa Constructors had likewise been paid by the owner's interim lender, Continental Mortgage Investors Company.

They cite Article 5 of the contract governing the schedule of payments from Villa to Lendell. The relevant provision reads:

"Payment shall be made monthly, within five (5) days after Contractor (Villa Constructors) is paid for the same work by Continental Mortgage Investors . . ."

The court found:

"Neither Villa Constructors, Inc. nor W. T. Prickett received any funds from Continental Mortgage Investors Company for any work done during the months of July or August of 1974."

Appellants maintain that the condition precedent failed to occur, thereby terminating Lendell's right to recover payment. Such position is correct if the payment for the work is dependent upon the condition.

The court in *Ferguson v. Mansfield,* 114 Tex. 112, 263 S.W. 894 (1924), considering the law relating to conditions precedent said:

"It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has hap-

pened. *Salinas v. Wright,* 11 Tex. 572; *Carlisle v. Hooks,* 58 Tex. 420. See notes to case of *Hughes v. McEwen,* L.R.A. 1917B, pp. 1051 to 1057; *Swift Coal & Timber Co. v. Lewis,* 170 Ky. 588, 186 S.W. 479."

Although Article 5 designated "Progress Payments" provided as set forth hereinabove, Article 4 of the contract in question provides:

"In consideration of the prompt, complete, and faithful performance of every provision of this Subcontract to the satisfaction of Contractor, the owner, and the Architect, Contractor will pay to Subcontractor the sum of $109,645.00, an estimated contract price."

Whether the parties intended that the payment obligation would become absolute only upon the occurrence of the alleged condition precedent must be determined by examining the entire agreement. The court in *Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003 (1941) said:

"It is the duty of the court, in determining the meaning and intent of a contract, to look to the entire instrument; that is, the contract must be examined from its four corners. Stated in another way, the contract must be considered and construed as an entire instrument, and all of its provisions must be considered and construed together. It is not usually proper to consider a single paragraph, clause, or provision by itself, to ascertain its meaning. To the contrary, each and every part of the contract must be construed and considered with every other part, so that the effect or meaning of one part on any other part may be determined . . ."

Article 4 provides, "The Contractor shall pay the Subcontractor in current funds for the performance of the work." Article 5 provides, "The Contractor shall pay the Subcontractor monthly progress payments in accordance with Paragraphs 12.3 through 12.6 inclusive of this Subcontract." By examining the contract in its entirety, we hold the condition precedent clearly applied to the monthly progress payments and when such payments would be made, not to the issue of whether payment would be made. We disagree with appellants that the contract with Villa precludes Lendell's recovery due to the lapse of a condition precedent with the owner's insolvency.

Article 5472d(4), V.A.C.S., provides two methods by which a claim may be perfected against a bond. The first is by giving to the original contractor all applicable notices of claims required by Article 5453, V.A.C.S., and, in addition thereto, by giving to the corporate surety, in lieu of to the owner, all notices therein required to be given to the owner. The second method is by complying with Article 5453, V.A.C.S.

Appellants argue that to recover on the bond under the facts in the instant case, Lendell Builders had the burden of proving its compliance with the procedure for perfecting a lien as required in Article 5453, V.A.C.S. Lendell concedes it did not give notice to the corporate surety and agrees that the issue before this court is whether it complied with the notice requirements prescribed by Article 5453, V.A.C.S.

The Lendell debt is that of a subcontractor. In such event, Article 5453(2)(b)(1) provides:

"Where the claim consists of a lien claim arising from a debt incurred by a subcontractor, the claimant shall give written notice of the unpaid balance of such claim to the original contractor not later than thirty-six (36) days after the tenth (10th) day of the month next following each month in which claimant's labor was done or performed in whole or in part or his material delivered in whole or in part; and claimant shall give a like notice to owner not later than ninety (90) days after the tenth (10th) day of the month next following each month in which the claimant's labor was done or performed in whole or in part or his material delivered in whole or in part.

. . . . .

Such notices shall be sent by certified or registered mail, addressed to the own-

er, and where required by this Article to the original contractor, at their last known business or residence address . . . ."

The trial court in an unchallenged finding of fact found:

"The notice to Kalm Builders, Inc., the owner, was 56 days after the 1974 July work was done and 40 days after the 10th day of August, 1974."

Since Lendell complied with the required notice to the owner, the issue to be resolved is whether it gave the required notice to the original contractor, W. T. Prickett.

The court found:

"Lendell Builders, Inc. delivered its third statement to Villa Constructors, Inc. on July 25, 1974, for work done during such period for $18,280.43, which was received by W. T. Prickett, which was not paid."

And the court also found:

"Lendell Builders, Inc. sent notice of the July and August unpaid indebtedness to the owner, Kalm Builders, Inc., and to Villa Constructors, Inc., which was received by W. T. Prickett on September 19, 1974."

Lendell bases its claim of compliance with the notice requirement of Article 5453(2)(b)(1) upon the written notice received by Prickett on July 25, 1974, not the notice received by Prickett on September 19, 1974. Such notice was timely filed and as delivered complied with the requirements of Article 5453, as "A copy of the statement or billing the usual and customary form shall suffice as a notice under this subparagraph."

The notice, however, was not "sent by certified or registered mail, addressed . . to the original contractor at their last known business or residence address." The court found:

"Lendell Builders, Inc. did not address notices of unpaid indebtedness to Great American Insurance Company or to W. T. Prickett, but notices addressed to Villa Constructors, Inc. were received by W. T. Prickett."

Article 5456, V.A.C.S., however, provides:

"Where any written notice, or communication is required or permitted to be given by this Act, it may be delivered in person to the party or his agent and such delivery shall constitute compliance irrespective of other methods of notice or communications herein provided."

Article 5456 and Article 5453 should be read together and considered as a whole. *Lebo v. Dochen*, 310 S.W.2d 715 (Tex.Civ.App.-Austin, 1958, writ ref'd n. r. e.).

The notice of the claim of Lendell Builders, Inc. was not sent by certified or registered mail nor under the court's findings was notice delivered in person to W. T. Prickett. Therefore, the notice did not comply with the statutory notice requirement.

The judgment is reversed and judgment rendered that Lendell Builders, Inc. take nothing against W. T. Prickett, the general contractor and Great American Insurance Company.

DICKENSON, J., not participating.